HENRY F. FARNHAM *vs.* HORACE F. DAVIS and dwelling house.

Cumberland. ' Opinion March 10, 1887.

*Liens on buildings. R: S., c. 91, § § 32, 34, 45.*

To enforce a lien claim on a building there must be a suit against the party promising.

R. S., c, 91, § 45, does not dispense with the suit against the contracting party.

When a lien arising from one contract has been dissolved it cannot be revived by tacking on a new lien arising under a new contract.

ON report.

Assumpsit on account annexed brought to enforce a lien on a dwelling house and lot on Oak street at Stevens' Plains in the town of Deering.

The opinion states the facts as found by the court from the evidence and admissions.

*Symonds and Libby*, for the plaintiff.

This is a case of a definite lien and "for a particular work" within the decision of *Baker* v. *Fessenden*, 71 Maine, 292.

Under the act of 1879, which enlarges materially the rights of lien claimants, "judgment may be rendered against the defendant

and the property covered by the lien, or against either, for so much as is found due by virtue of the lien." The intent of the statute is clear, and should be liberally construed.

A lien judgment need not be strictly a judgment *in rem* against the whole world. It must respect prior mortgagees' rights—if such exist, as has been held by the court in *Morse* v. *Dole*, 73 Maine, 351. An action to enforce a mechanic's lien is "essentially a suit in equity," as declared by Mr. Justice FIELD in *Davis* v. *Alvord*, 94 U. S. 546, and he further says that statutes giving such liens are " to be liberally construed."

It is well known, as it is apparent upon examination, that the act of 1879, ch. 136, (R. S., ch. 91, secs. 44, 45) was passed to remedy the defects which previous decisions, especially *Byard* v. *Parker*, 65 Maine, 577, had shown to exist in the process for enforcing liens on buildings.

R. S., ch. 91, sec. 44, provides for notice to the owner, and the mode in which he may be made a party, where he is not the defendant in the action, or does not voluntarily appear. Section 45, of the same chapter, manifestly from its terms, refers to cases in which the owner is the defendant, as well as to the class of cases mentioned in the previous section.

Now, in this case, if the defendant is not holden personally for the whole debt—as we claim he should be,—we respectfully urge that we are entitled to a personal judgment against him to the extent of his personal liability, and a lien-judgment against the property, which will be valid against all his interest in the property, and against all other interest therein, which is not such as by law to take precedence over plaintiff's lien.

To give us less than this in a case where the defendant is admitted to be the owner, and where all the materials were delivered under circumstances which give the lien, seems to us to be a forced and unnecessary limitation upon the remedy which the legislature intended to give.

These views as to the nature of a lien-judgment are sustained by the large number of cases cited in the last edition (1882) of Phillips on Mechanics' Liens, in the chapters treating of the procedure and judgment in lien actions. § § 320, 395, 397, 399, 447, 449, 458.

If the court, however, still holds in face of the statute that it is not sufficient to make the "owner" a party to the suit but that a general notice must be given, then we ask that the case may be remitted to the court at *nisi prius* to give such notice, as was done in *Sheridan* v. *Ireland*, 61 Maine, 486.

*Woodman and Thompson*, for the defendant, cited: R. S., c. 91 § 43; *Frost* v. *Ilsley*, 54 Maine, 345; *Hayford* v. *Cunningham*, 72 Maine, 128; *Sherinan* v. *Ireland*, 66 Maine, 70; *Oliver* v. *Woodman*, 66 Maine, 59; *Ames* v. *Swett*, 33 Maine, 479.

EMERY, J. The evidence and the admissions establish the following facts: One Chase made a contract with the defendant to furnish the labor and materials in the construction of defendant's house. Chase procured of the plaintiff certain material which he put into the construction of the house under his contract. This material was sold to Chase upon his credit, but with knowledge of whose house it was intended for. It was so furnished Chase, for said construction December 16, 1884. The contract between Chase and the defendant was afterward cancelled, and subsequently in May and July, 1885, the defendant upon his own credit purchased of the plaintiff other material for the construction of the house. The plaintiff filed the proper lien claim August 6, 1885, and began this suit by attachment September 15, 1885, to recover of the defendant and to enforce a lien for all the material.

There was a sufficient tender for the second lot of material, that purchased by the defendant in person, followed by the timely payment of the money into the court, hence we have only to consider the first bill of material, that purchased by Chase, the contractor, December 16, 1884.

I. The evidence does not satisfy us, that the defendant was an original promisor for that bill. That material was not furnished upon his credit. If he did afterward promise to see it paid, it was a collateral verbal promise, not enforceable. We think the evidence does not warrant any personal judgment against the defendant.

II. Should there be a judgment against the house? To obtain such a judgment for material so furnished, the plaintiff should have filed his lien claim within thirty days after he ceased to furnish material, and have attached the house within ninety days after the last material furnished by him. R. S., c. 91, § § 32, 34. If this bill of December 16, 1884, were the only material furnished by the plaintiff for this house, then of course, his lien was lost long before he moved to enforce it. · In May following however, he began again to furnish material for the house, and this time, his last furnishing was within thirty days before filing the lien-claim, and within ninety days before the attachment.

Here were two distinct periods of furnishing material. One began and ended in December. The other began in May and ended in July. They were distinct transactions, under distinct and different contracts. The first was under a contract with Chase. The last was under a contract with the defendant. Each bill was a separate cause of action, to be enforced in a separate suit against a different person. The lien for each was a separate lien to be separately enforced. Our statute so far as liens on buildings are concerned, does not provide for a process *in rem*, regardless of any personal defendant or any contract. There must be a suit against the party promising, upon which the property benefitted may be attached. The contract, whether express or implied, is the principal. The lien is the incident. The lien must be enforced along with the contract. When a lien arising from one contract has been dissolved, it cannot be restored by tacking on a new lien arising under a new contract. Philips on Mechanics' Liens, § 324 and cases cited. *Ames* v. *Swett*, 33 Maine, 479; *Frost* v. *Ilsley*, 54 Maine, 345; *Oliver* v. *Woodman*, 66 Maine, 59.

The plaintiff urges, that however it may have been under former statutes, there may now under § 45, c. 91, be a judgment against the property alone, without any against the defendant. There may be cases, where judgment should not be rendered against the defendant personally, for the reason of his discharge in insolvency or for some other reason, although his promise is established. In such case, the judgment may be against the

property alone. This statute however does not change the nature of the lien as an incident of the contract. It does not dispense with a suit against the contracting party. It does not authorize a suit directly against the owner of the property, if he was not the contracting party. If no contract express or implied is proved against the defendant the suit must fall, and the annexed lien falls with it.

*Judgment for defendant.*

PETERS, C. J., WALTON, VIRGIN, LIBBEY and HASKELL, JJ., concurred.