Laurence C. Andrew

*vs.*

George Bishop and
Inhabitants of the Town of Windham.

Laurence C. Andrew

*vs.*

W. C. French and J. S. French and
Inhabitants of the Town of Windham.

Cumberland.      Opinion, May 3, 1934.

448

*Clifford McGlauflin*, for plaintiff.
*Charles E. Gurney*, for defendant Town of Windham.

SITTING: PATTANGALL, C. J., DUNN, BARNES, THAXTER, JJ.

BARNES, J.    These two cases, tried together, arise under the law establishing a materialman's lien.

W. C. French and J. S. French, hereinafter called French Bros., in 1931 entered into a contract with the Town of Windham to build a high school building, and gave a bond for the full completion of the same.

Defendant George Bishop contracted with French Bros. to do the plastering, and furnish plastering material. He secured material and did the plastering.

Of the material that Bishop furnished, plaintiff claimed to have sold him, on open account, an amount worth $899.02. No part of this sum having been paid, plaintiff, within the time allowed by statute, perfected and filed a materialman's lien for that amount.

By his second bill plaintiff seeks to recover of the town for material furnished, on open account, to French Bros. and used in construction under the high school building contract.

French Bros. owed him, when their work ceased, for material furnished them and, as he alleged, used in the construction of the school building, and as provided and required by statute, he perfected and filed his lien claim for the sum of $5334.57.

Before the hearing a decree pro confesso was duly entered against defendant, George Bishop; a Bonding Company, surety on the French Bros. bond, was permitted to intervene as a party defendant, and a special master was appointed to take an account of the dealings and transactions between the parties to each suit and to report his findings.

All questions of law were reserved for decision by the sitting Justice, and right of exception to the master's rulings and findings were reserved by each party.

The master heard the cases, found the claim of lien duly established, and that material used in construction of the building was furnished by plaintiff to Bishop, worth $880; that the account was in no part paid and overdue, with computations of interest.

He found that material used in the building was furnished by plaintiff to French Bros., worth $5277.43, in no part paid for, with interest computations.

He found that early in November, 1931, defendant paid French Bros., on construction account, the sum of $6746.62; that French Bros. maintained a commercial account with a Portland bank, in which this sum, with another of $1000, was deposited on November 16, and that on or about November 18, plaintiff received by mail from French Bros., a check for $2000, drawn against their account in said bank, with no direction as to application of the payment. He further found that on the day when plaintiff received the check of French Bros. they owed to plaintiff, on account for merchandise sold and delivered to them, a "prior indebtedness" of more than $2000.00, and that plaintiff had applied the check of French Bros., as soon as received, to reduction of such prior indebtedness.

In his decrees the sitting Justice found for the plaintiff in the case against Bishop in the principal sum of $880.00, to which were to be added costs of suit and interest. The defending Inhabitants of the Town of Windham raised the point that French Bros. the principal contractors were not made parties defendant and were necessary parties to the maintenance of the bill. The point was overruled and exceptions preserved.

In the case against French Bros. the Justice found for the plaintiff in the sum of $5277.43, to which were to be added costs and interest.

The intervening Bonding Company and the defendant Town made claim that the $2000.00 paid to plaintiff on or about November 18 should have been applied upon the bill for material furnished on the order of French Bros. for the high school building work, so as to reduce the amount due under the lien claim by that sum, and to that extent to relieve the Bonding Company, on its liability.

The Justice overruled this contention and held that plaintiff had the right to appropriate the payment to the precedent and independent indebtedness from French Bros. to him.

To this ruling the Bonding Company and the Town reserved exceptions.

Ruling on the exceptions in inverse order, we hold that in the case before us French Bros. could have required the payment to be applied to any indebtedness from them to plaintiff, and since they admittedly gave no indication of their wish in the matter, it was the unquestioned right of plaintiff to apply the payment as he did. *Wilson* v. *Russ*, 20 Me., 421 ; *Plummer* v. *Erskine*, 58 Me., 59 ; *Phillips* v. *Moses*, 65 Me., 70 ; *Blake* v. *Sawyer*, 83 Me., 129.

Such being the ruling of our court it is plain that if the action had been at law the decision complained of would be sustained.

In equity it must stand, unless thereby irremediable wrong would result, a situation which can not arise, because, in its answer, the defendant Town admits possession of a greater sum than the amount involved here, "retained by reason of the failure of W. C. and J. S. French to complete said building and deliver the same to said defendant, free of all liens."

Our conclusion in the case of *Plaintiff* v. *W. C. French, J. S. French and Inhabitants of the Town of Windham* is, therefore that the exceptions be overruled.

In the case against Bishop and Town of Windham, the contention of defendants is that, for non-joinder of indispensable parties, French Bros., as defendants, judgment should be for the defendant Town.

It is perhaps usual to raise this issue by demurrer or answer ; but if it is done as here the point is saved. *Morse* v. *Machias Co.*, 42 Me., 119, 129 ; *Evans* v. *Chism*, 18 Me., 220.

A lien for a materialman was unknown to the common law. It was given by statute, and, because such is its origin, every jurisdictional requirement must be met and all conditions precedent as prescribed by statute must be complied with, before the lienor can prevail.

It is, however, no longer true in this jurisdiction that the statute is to be construed strictly against the claimant.

As long ago as 1895 our Court said, "In determining the proper interpretation of lien statutes at this time, courts need not feel hampered by the earlier decisions. These statutes were such an innovation upon the common law of real property that for some time the courts construed them most strictly. To this day there are no such statutes in England. In this country, however, they are now general and familiar and their equity and beneficence are conceded even by land owners. Courts will now construe them liberally to further their equity and efficacy when it is clear that the lien has been honestly earned, and the lien claimant is within the statute." *Shaw* v. *Young*, 87 Me., 271, 32 A., 897.

In the case at bar a materialman brought suit for the purchase price of materials sold to a sub-contractor, and did not make the principal contractor a party. Is this non-joinder a fatal omission, and does the materialman, because of such omission lose his lien on the real estate improved under his contract?

On this phase of procedure under the lien statute there has been no decision in this court.

Other courts furnish a great variety in opinion, unavoidably so because each state statute has its own wording, and few are similar throughout.

Procedure in this state is outlined as follows, "The liens mentioned . . . may be preserved and enforced by bill in equity against the debtor and owner of the property affected, and all other parties interested therein, filed with the clerk of courts etc." R. S., Chap. 105, Sec. 33.

The debtor and the owner of the property must be made parties to the bill at some stage of the case: otherwise it will fail for lack of parties to give the court jurisdiction.

These must be joined, unless the owner waive his right to the assistance of the debtor, who in the simplest case is the contractor. So it is perhaps not surprising that in recital of conclusions of opinions on the general subject the reader finds a statement to the effect that the great weight of authority is that the principal or original contractor is a necessary party defendant to an action to perfect a materialman's lien and that it can not be enforced without making him a party, unless the owner waives his right to have him joined.

But such discussion leads inevitably to a consideration of the purpose of the proceeding.

However true it may be that a very important purpose is the obtaining of the lien on the particular property, yet it must be borne in mind that the fixing of the debt for the materials is the very essential of the action and that unless the debt exists and is enforceable then the ultimate purposes concerning the existence of the lien and its subsequent enforcement can never arise. But when the debtor is a subcontractor the rule as to joinder of parties may be different.

No doubt the original contractor is a proper party in any materialman's action, and under our statute any person interested in the property improved may be made a party.

But the precise question in this case is whether a materialman, who has sold to a subcontractor, must at his peril make the original contractor a party before he is entitled to judgment.

Referring to the rules upon that subject, the Supreme Court of the United States "points out three classes of parties to a bill in equity. They are: 1. Formal parties. 2. Persons having an interest in the controversy, and who ought to be made parties, in order that the court may act on that rule which requires it to decide on, and finally determine the entire controversy, and do complete justice, by adjusting all the rights involved in it. These persons are commonly called necessary parties; but if their interests are separable from those of the parties before the court, so that the court, can proceed to a decree, and do complete and final justice, without affecting other persons not before the court, the latter are not indispensable parties. 3. Persons who not only have an interest in the controversy, but an interest of such a nature that a final decree cannot be made without either affecting that interest, or leaving the controversy in such a condition that its final determination may be wholly inconsistent with equity and good conscience." *Shields* v. *Barrow*, 17 How., 130, 15 U. S. (L. ed.), 158.

It follows, as of course, that any person against whom a judgment is prayed for must be made a party to the action. The original contractor must under some circumstances be made a party.

Hence, generally, he is a necessary party. But our statute does

not require that a personal judgment be recovered against the contractor as a prerequisite to the enforcement of the lien.

And the fact that he is the debtor does not make him an indispensable party to the action to enforce the lien. So far as the rights of the owner are concerned, the contractor is not, in the absence of a statutory requirement, a necessary party. *Caltrider* v. *Isberg,* 148 Md., 657, 130 A., 53; *Holden* v. *Mensinger,* 175 Cal., 300, 165 Pac., 950; *Becker* v. *Hopper,* 23 Wyo., 209, 147 Pac., 1085; *Brace and Hergert Mill Co.* v. *Burbank,* 87 Wash., 356, 151 Pac., 803; *American Radiator Co.* v. *Conner Plumbing & Heating Co.,* 277 Mo., 548, 211 S. W., 56; *Thompson* v. *Michelli,* La. (1933), 148, So., 287; *Hubbard* v. *Moore,* 132 Ind., 178, 31 N. E., 534.

In a state where the statutes impose the duty on the original contractor of defending any lien suit prosecuted against the owners, "this statute has been construed to mean that the original contractor should be joined as a co-defendant in an action brought by a materialman whose contract was with a subcontractor, but that such requirement is not jurisdictional, and its nonperformance will not be fatal to the judgment." *Hughes Bros. Paint Co.* v. *Prewitt,* Mo., 157, S. W., 120.

Further we have no need to speculate as to all persons interested in the "controversy," as in many jurisdictions where they are all made indispensable parties by statute.

It is urged that because our statute makes a proper party any person interested in the property affected, the original contractor is an indispensable party, and cases are cited as upholding this doctrine.

They are readily distinguishable from the case at bar, by reason of different enabling statutes, and for other reasons.

*Warner* v. *Yates,* 118 Tenn., 550, 102 S. W., 92, merely holds that under a statute authorizing initial process by attachment the original contractor is a necessary party because he is the party sued. To the same effect are *May and Thomas Hardware Co.* v. *McConnell,* 102 Ala., 557, 14 So., 768, and *Giant Powder Co.* v. *San Diego Flume Co.,* 78 Cal., 193, 20 Pac., 419.

In *Luttrell* v. *Knoxville, etc., Rd. Co.,* 119 Tenn., 492, 105 S. W., 565, suit was on material sold to a subcontractor, and the subcontractor was held a proper party.

*Vreeland* v. *Ellsworth*, 71 Iowa, 349, 32 N. W., 374, settles only tne point, in that jurisdiction, that a subcontractor can not obtain a decree foreclosing a mechanic's lien without having obtained a judgment against the original contractor.

In *Jenkins Lumber Co.* v. *Cramer Bros.*, 182 Iowa, 174, 160 N. W., 42, the petition named original contractor, subcontractor and owner and showed upon its face that the original contractor was not made a party. It sought to enforce a lien on the property for material sold to the subcontractor. The Court says, if the original contractor had been made a party the only defense the owner could have interposed would have been that there was not as much due the original contractor as plaintiff was asking to have established against the property, and held that the original contractor was not a necessary party.

*Union Pac. Ry. Co.* v. *Davidson*, 21 Colo., 93, 39 Pac., 1095, is not a precedent here, because of a statute making a judgment in favor of a laborer, and against a subcontractor, a valid set-off, to the full amount thereof, in favor of the owner, against the original contractor, and the latter was not joined, as party defendant in the laborer's suit.

In *Granquist* v. *Western Tube Co.*, 240 Ill., 132, 88 N. E., 468, a subcontractor furnished labor and material in construction for defendant, and proceeded to establish his lien, against the owner, defendant, without joining the original contractor or another subcontractor.

The statute required that all "parties in interest" be made parties to the petition, and that parties in interest shall include "all persons who may have any legal or equitable claim to the whole or any part of the premises upon which a lien may be attempted to be enforced under the provisions thereof, or who are interested in the subject matter of the suit," a jurisdictional prerequisite.

This Court has held that "Indispensable parties to a bill in equity are those whose interests in the subject matter of the suit and the relief sought are so bound up with that of the other parties that their legal presence as parties to the proceeding is an absolute necessity, without which the Court can not proceed: an indispensable party is one who has such an interest in the subject matter of the controversy, that a final decree can not be rendered be-

tween the other parties to the suit without radically and injuriously affecting his interest, or without leaving the controversy in such situation that its final determination may be inconsistent with equity and good conscience." *Hyams* v. *Old Dominion Company*, 113 Me., 337, 93 A., 899.

If, however, the original contractor, in a materialman's bill against a subcontractor and the owner, has an interest that is separable from the interests of the defendants who are joined in his bill, he may not be an indispensable party. Cases may frequently arise in which the original contractor is a resident of a distant state and a flood of subcontractors perform practically the entire work. With the object of the statute of liens upon buildings, as it admittedly is, to afford to the materialman every reasonable aid to secure fair and full payment for the materials sold by him and used in the construction of the building, a liberal construction will not tolerate the dismissal of the bill because the original contractor was not made a party.

It is probable that in most instances it would be the owner who would suffer if any wrong were done. But when only fair and full value of the materials entering into the structure makes up the amount for which the lien is found, the owner can not be held to be a sufferer.

There may be cases in which it would be difficult for the Court to be assured, as to the materials so used, and their value. If the debtor were the original contractor a practical difficulty might arise, in his absence. But in the case at bar, a subcontractor is the debtor.

He has confessed judgment. The Court by a master took out evidence. The original contractors were parties defendant in the suit heard with this, were residents of the vicinity, and were in attendance at the hearing in this case.

Without any difficulty they could have been used as witnesses by defendant Town, if any uncertainty required their testimony as to materials used and their value.

It is not easily discernible how their non-joinder as parties affected the administration of right and justice in the case.

In the end we should be governed by the rule stated in *Hyams* v. *Old Dominion Company*, supra, "we come back to the fundamental

456

question, would the rights of the party, who is not before the Court, be directly affected by a decree against the parties who are before it."

In the great majority of cases holding that the original contractor is a necessary party, the governing statute made him such. In many other cases the Court found him a necessary party to avoid multiplicity of suits. Under the statutes of this state, in cases where the lien claim is brought against the owner of a building and a subcontractor, for materials furnished the subcontractor, and by him used in the building, the original contractor is not an indispensable party.

The cases are remanded to the Court below for decrees in conformity herewith, interest to be allowed to date of payment, and costs of appeal to the Law Court allowed.

*Exceptions overruled.*