**T.A. NAPOLITANO ELECTRICAL CONTRACTORS, INC.**

v.

**Medio DIRENZO a/k/a Marty Direnzo.**

Supreme Judicial Court of Maine.

Argued Jan. 7, 1992.
Decided Jan. 28, 1992.

John Howard (orally), Turesky & Howard, Portland, for plaintiff.

John A. Hobson (orally), Perkins, Thompson, Hinckley, & Keddy, Portland, for defendant.

Before ROBERTS, GLASSMAN, CLIFFORD and COLLINS, JJ.

GLASSMAN, Justice.

Defendant Medio Direnzo appeals and plaintiff T.A. Napolitano Electrical Contractors, Inc. (Napolitano) cross appeals from a judgment entered in the Superior Court (Cumberland County, *Brodrick, J.*) affirming a $3500 mechanic's lien judgment and vacating a quantum meruit judgment entered against Direnzo in the District Court (Portland, *MacNichol, J.*). On appeal Direnzo argues that 1) the mechanic's lien claim should have been dismissed for failure to join a necessary party, and 2) Napolitano is not entitled to a quantum meruit judgment against Direnzo personally because there was no privity of contract between the parties and Napolitano has not exhausted his remedies against the general contractor. We agree and vacate the mechanic's lien judgment and affirm the vacation of the quantum meruit judgment.

Direnzo hired S & R Construction (S & R) to build a restaurant in Westbrook in 1988. S & R entered into a subcontract for the electrical work with Napolitano. On November 16, 1988, Napolitano billed S & R $3500 for electrical rough-in work at the construction site. Napolitano has never been paid for this work. Napolitano performed interior electrical work on the building beginning December 21, 1988. In early 1989, Direnzo became concerned that the subcontractors were not getting paid. Before making a final payment to S & R, he arranged a meeting with the subcontractors in order to pay them what they were owed. Napolitano did not attend the meeting but supplied Direnzo with a figure of $11,243.52 in a telephone conversation. Direnzo issued a two-party check for $11,-243.52, payable to S & R and Napolitano, believing that this amount paid Napolitano in full. During the telephone conversation with Direnzo, Napolitano never mentioned the $3500 billed to S & R for work in November because he expected to be paid by S & R. Direnzo was unaware of Napolitano's claim for the additional $3500 until after he made final payment to S & R.

## I

■ When, as here, the Superior Court acts in an intermediate appellate capacity, we directly review the judgments of the District Court to determine if they contain any errors of law that would affect their validity. *Chamberlain v. Porter,* 562 A.2d 675, 676 (Me.1989). Direnzo contends that the District Court improperly considered Napolitano's action on the mechanic's lien because S & R was not joined as a party. Napolitano argues that S & R is judgment-proof for want of assets, Napolitano's performance is undisputed, S & R's interests in this matter are separable from those of the parties, and complete and final justice can be done between the parties in the absence of S & R. He concludes that S & R may be a proper party but that it is not a necessary party.

"[B]ecause the origin of the materialmen's lien is statutory and was unknown at common law, every jurisdictional requirement must be met and all conditions precedent as prescribed by statute must be complied with, before the lienor can prevail. In other words, the lienor must bring himself within the statute." *Pineland Lumber Co. v. Robinson,* 382 A.2d 33, 36 (Me.1978). Maine law provides for a lien action against the debtor and owner.[1] Section 3255 has been construed to require "a suit against the party promising, upon which the property benefitted may be attached. The contract, whether express or implied, is the principal. The lien is the incident. The

---

1. The statutes provide in relevant part:

Whoever performs labor or furnishes labor or materials ... in constructing ... any building ... by virtue of a contract with or by consent of the owner, has a lien thereon and on the land on which it stands and on any interest such owner has in the same, to secure payment thereof, with costs.

10 M.R.S.A. § 3251 (Supp.1991).

**1. Enforcement by action.** The liens mentioned in sections 3251 to 3254 may be preserved and enforced by action against the debtor and owner of the property affected and all other parties interested therein, filed with the Superior Court or District Court clerk in the county or division where the house, building or appurtenances ... is situated, within 120 days after the last of the labor or services are performed or labor, materials or services are so furnished....

10 M.R.S.A. § 3255 (Supp.1991).

lien must be enforced along with the contract." *Farnham v. Davis,* 79 Me. 282, 285, 9 A. 725, 726 (1887). Therefore, enforcement of the lien requires that:

> the *debtor and the owner of the property must be made parties* to the bill at some stage of the case.... These *must* be joined, unless the owner waive his right to the assistance of the debtor, who in the simplest case is the contractor.

*Andrew v. Bishop,* 132 Me. 447, 451, 172 A. 752, 755 (1934) (emphasis added) (The general contractor was held not to be a necessary party in a lien action by a material supplier who joined the property owner and the debtor subcontractor.).

The *Andrew* court drew a clear distinction between the issues raised by the nonjoinder of a *debtor* and the analysis triggered by nonjoinder of a general contractor when the general contractor is not the debtor whose obligation underlies the action. The court analyzed the latter issue in terms similar to the present M.R.Civ.P. 19(a) and determined that a *non-debtor* general contractor is not a necessary party, if its interests in the matter are separable from the interests of the parties who are joined.[2] *Andrew v. Bishop,* 132 Me. at 455, 172 A. at 755.

▉ Statutory requirements for joinder of parties expressed in general terms are now controlled by M.R.Civ.P. 19(a) and should be interpreted accordingly. 1 Field, McKusick & Wroth, *Maine Civil Practice* § 19.1 at 368 (2d ed. 1970) (hereinafter 1 Field, McKusick & Wroth at ——). However, failure to comply with a statutory requirement of joinder expressed in specific terms results in dismissal. *See LaFleur ex rel. Anderson v. Frost,* 146 Me. 270, 277, 80 A.2d 407, 411 (1951) (failure to join municipality as required by statute result-

ed in dismissal of bill in equity); 1 Field, McKusick & Wroth at 368–69.

Here, S & R is the debtor and general contractor. Joinder of the debtor is specifically required by the statute. Napolitano, by not joining S & R, failed to bring itself within the statutory requirements for enforcement of its lien.

## II

▉ Napolitano cross appeals, arguing that the Superior Court erred when it vacated the District Court's favorable judgment on the quantum meruit claim. In ordinary circumstances, when a subcontractor is attempting to recover against the property for labor and materials furnished, the subcontractor cannot obtain a personal judgment against the owner of the property, there having been no contractual dealings between the parties. *Pendleton v. Sard,* 297 A.2d 889, 895 (Me.1972). In the instant case, however, Direnzo called Napolitano with the intention of paying the entire balance owed and, in fact, issued a two-party check to Napolitano and S & R in the belief that it represented payment in full.

▉ There was conflicting evidence regarding the nature of the transaction. Napolitano claims that it covered only work that he had not yet billed to S & R. Direnzo claims that he requested a figure for the entire amount Napolitano was owed on the project. When evidence is conflicting, factual determinations of the trial court will not be disturbed unless clearly erroneous. *Picard v. Brennan,* 307 A.2d 833, 834 (Me. 1973). The District Court explicitly found that Napolitano was reluctant to deal with Direnzo, that he did not want to break the relationship with S & R, that he had billed the $3500 to S & R before Direnzo's phone

---

2. M.R.Civ.P. 19(a) provides:
    **Persons to Be Joined if Feasible.** A person who is subject to service of process shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest. If the person has not been so joined, the court shall order that the person be made a party. If the person should join as a plaintiff but refuses to do so, the person may be made a defendant.

call, and that "he clearly understood the phone call to be for the subsequent work."

Despite the direct dealings between Direnzo and Napolitano, the District Court found that Napolitano did not look to Direnzo for payment of the $3500 at issue until after Direnzo made his final payment to S & R. The finding is supported by Napolitano's testimony. There never was an agreement between the parties regarding the $3500; therefore, the District Court's judgment on the quantum meruit claim is a clear error of law. Because of our decision, we need not address Direnzo's waiver and estoppel defenses.

The entry is:

Judgment of the Superior Court on the quantum meruit claim affirmed.

Judgment of the Superior Court on the mechanic's lien claim vacated.

Remanded to the Superior Court with directions to remand to the District Court for entry of judgments in accordance with the opinion herein.

All concurring.