JOHN W. GOODWIN, INC.

v.

Edward A. FOX.

Supreme Judicial Court of Maine.

Submitted on Briefs Sept. 9, 1993.

Argued March 17, 1994.

Decided June 6, 1994.

Sandra Hylander Collier (orally), Ferm, Collier & Larson, Ellsworth, for plaintiff.

Gail Fisk Malone (orally), Rudman & Winchell, Bangor, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD and DANA, JJ.

ROBERTS, Justice.

John W. Goodwin, Inc., appeals from the judgment entered in the Superior Court (Hancock Country, *MacInnes, A.R.J.*) denying its motion to amend its complaint and granting a summary judgment in favor of Edward A. Fox. Goodwin, a construction subcontractor, contends that the court abused its discretion in denying its motion to add R.H. Campbell, Inc., the general contractor, to its complaint against Fox, the property owner. We agree and vacate the judgment.

Viewed in the light most favorable to Goodwin, the facts are as follows. In 1990, Campbell and Fox entered into an agreement for the construction of a house on Fox's property on Cape Rosier in Brooksville. Goodwin, hired as a subcontractor by Campbell, had no contractual relationship with Fox. Goodwin submitted invoices to Campbell for its labor and materials furnished to Fox. By May 15, 1991, the date of Goodwin's last work on the property, its unpaid invoices totaled $38,383. Although Fox paid Campbell for labor and materials through March 15, Campbell did not pay Goodwin. On May 17, 1991, Goodwin recorded a mechanic's lien against the Fox property pursuant to 10 M.R.S.A. §§ 3251–3269 (1980 & Supp.1993).[1]

On September 12, 1991, Goodwin filed a two-count complaint against Fox, seeking enforcement of the lien and, in the alternative, claiming that Fox had been unjustly enriched. On March 25, 1992, Goodwin filed a motion pursuant to M.R.Civ.P. 15(a) to amend its complaint to include, *inter alia*, Campbell as defendant. On April 28, 1992, Fox filed a motion for a summary judgment.

On September 9, 1992, the court denied Goodwin's motion and entered a summary judgment in favor of Fox. Contrary to Fox's contention, the record does not establish that Fox paid Campbell for all the labor and materials provided by Goodwin. For that reason, the court erred in its disposition of Goodwin's unjust enrichment claim.

■■■ The dismissal of Goodwin's lien claim for failure to join Campbell requires further analysis. Rule 15(a) provides that leave to amend "shall be freely given when justice so requires." "[T]his mandate means that if the moving party is not acting in bad faith or for delay, the motion will be granted in the absence of undue prejudice." *Diversified Foods, Inc. v. First Nat'l Bank of Boston,* 605 A.2d 609, 616 (Me.1992) (citation omitted). To overturn a denial of leave to amend, the appealing party "must demonstrate a clear and manifest abuse of … discretion and must demonstrate granting such motion is necessary to prevent injustice." *Miller v. Szelenyi,* 546 A.2d 1013, 1022 (Me.1988) (citation omitted); *see* Field, McKusick & Wroth, 1 *Maine Civil Practice* § 15.4 (2d ed. 1970 & Supp.1981).

■■■ At the time of Goodwin's motion, M.R.Civ.P. 15(c) provided:

An amendment changing the party against whom a claim is asserted relates back [if it arose out of the same conduct, transaction or occurrence of the original claim] and, within the period provided by law for commencing the action against the party to be brought in by amendment, that party (1) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action

---

1. Section 3251 provides in relevant part:
    Whoever performs labor or furnishes labor or materials … in constructing … any building … by virtue of a contract with or by consent of the owner, has a lien thereon and on the land on which it stands and on any interest such owner has in the same, to secure payment thereof, with costs.

Section 3255 provides that mechanic's liens "may be preserved and enforced by action against the debtor and owner of the property affected and all other parties interested therein … within 120 days after the last of the labor or services are performed or labor, services, or materials are so furnished…." 10 M.R.S.A. §§ 3251, 3255 (Supp.1993).

would have been brought against the party.

In *T.A. Napolitano Elec. Contractors, Inc. v. Direnzo*, 602 A.2d 1149, 1151 (Me.1992), we held that a subcontractor's failure to join the debtor general contractor as an indispensable party pursuant to M.R.Civ.P. 19(a) was a fatal flaw.[2] We stated:

> Section 3255 has been construed to require "a suit against the party promising, upon which the property benefitted may be attached. The contract, whether express or implied, is the principal. The lien is the incident. The lien must be enforced along with the contract." *Farnham v. Davis*, 79 Me. 282, 285, 9 A. 725, 726 (1887). Therefore, enforcement of the lien requires that: "the *debtor and the owner of the property must be made parties* to the bill at some stage of the case...." *Andrew v. Bishop*, 132 Me. 447, 451, 172 A. 752, 755 (1934).

*Id.* at 1150–51.

In the instant case, Goodwin sought to amend its complaint in the early stages and was denied. The amendment relates back to the filing of the complaint if it complies with Rule 15(c). There is no question that Campbell knew of the materials and labor furnished by Goodwin. There is no allegation of bad faith or delay on Goodwin's part, nor can it be said that any party will be prejudiced by joining Campbell at this stage of the proceeding. Moreover, "the period provided by law for commencing the action against the party to be brought in by amendment" referred to in Rule 15(c) is, in the case of Campbell, six years. 14 M.R.S.A. § 752 (1980 & Supp.1993).

We have long adhered to the principle that a mechanic's lien statute will be "construed and applied liberally 'to further [its] equity and efficacy, when it is clear that the lien has been honestly earned....'" *Twin Island Dev. Corp. v. Winchester*, 512 A.2d 319, 323 (Me.1986) (quoting *Shaw v. Young*, 87 Me.

271, 274, 32 A. 897 (1895)). The court abused its discretion in denying Goodwin's motion. *Diversified Foods*, 605 A.2d at 616; *Miller*, 546 A.2d at 1022.

Because the addition of Campbell relates back to the filing of the complaint, the action does not fail for the lack of an indispensable party.

The entry is:

Judgment vacated.

Remanded for further proceedings consistent with the opinion herein.

GLASSMAN and DANA, JJ., concurring.

CLIFFORD, Justice, with whom WATHEN, Chief Justice, joins, dissenting.

Because in my view Goodwin's motion to amend the complaint to add the general contractor was correctly denied as to the lien claim, I respectfully dissent.

10 M.R.S.A. § 3255(1) (Supp.1993) provides in pertinent part:

> The liens ... may be preserved and enforced by action against *the debtor and owner* of the property affected and all other parties interested therein, filed ... *within 120 days* after the last of the labor or services are performed or labor, materials or services are so furnished....

(Emphasis added.)

The liberal construction generally given the lien statute to effect its purpose does *not* apply to the time within which a lien action must be brought. *Pineland Lumber Co. v. Robinson*, 382 A.2d 33, 36 (Me.1978); *Bellegarde Custom Kitchens v. Leavitt*, 295 A.2d 909, 912 (Me.1972) (time within which lien must be brought is substantive and not waivable, and failure to bring action within statutory time precludes court from entertaining action).

Because the lien action secures the debt owed to the subcontractor by the general

---

**2.** M.R.Civ.P. 19(a) provides in relevant part that "[a] person ... shall be joined as a party in the action if ... in the person's absence complete

relief cannot be accorded among those already parties...."

contractor, Campbell, as the debtor is an essential party to the lien action. *T.A. Napolitano Elec. Contractors v. Direnzo,* 602 A.2d 1149, 1151 (Me.1992). There can be no cognizable lien action unless there is joinder of both the debtor and owner within the statutory time of 120 days. In this case, because of the failure to join Campbell within 120 days of the last work performed, Goodwin's lien action dissolved and cannot be revived by the amendment to add a party. *See Bellegarde Custom Kitchens,* 295 A.2d at 912 (special lien right exists only during statutory period).

M.R.Civ.P. 15(c) (1991), in effect at the time, cannot be invoked to revive the expired action because the motion to amend had to be brought "within the period provided by law for commencement of the action against the party to be brought in by amendment." This lien action had to be brought against Campbell within 120 days. It was not, and the motion to amend was properly denied.

I would affirm that part of the Superior Court judgment denying the motion to amend the complaint to add Campbell as a party to the lien action.