**Millard NICKERSON, III,**

v.

**Doris ROWE.**

Supreme Judicial Court of Maine.

Argued March 18, 1994.

Decided June 8, 1994.

Stephen E.F. Langsdorf, Preti, Flaherty, Beliveau & Pachios, Augusta, for plaintiff.

David G. Webbert (orally), Law Offices of Phillip E. Johnson, Augusta, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, and DANA, JJ., and COLLINS, A.R.J.

DANA, Justice.

Doris Rowe appeals from a judgment entered in the Superior Court (Kennebec County, *Mills, J.*) following a jury trial in which she was found in breach of contract for nonpayment of her contractor, Millard Nickerson III. Contrary to her contention, the court did not abuse its discretion in failing to give an instruction regarding the defense of adequate assurances of performance, did not err in allowing Nickerson to recover as consequential damages interest payments on a loan, and made no obvious error with respect to Nickerson's closing argument. We therefore affirm the judgment below except with respect to the mechanic's lien, which was not timely.

■ When Rowe became aware of numerous problems with the house that Nickerson was building for her, she demanded in writing that she be given adequate assurances that Nickerson could correct these defects. *See Drinkwater v. Patten Realty Corp.*, 563 A.2d 772, 776 (Me.1989) (a party to a contract with reasonable grounds to believe that the other party will not perform may demand

assurance of performance and may treat as a repudiation a failure to provide adequate assurance within a reasonable time). Immediately thereafter the parties entered into settlement discussions resulting in an agreement whereby Nickerson would remove the nearly completed house from the property in lieu of Rowe paying anything further. Rowe later repudiated the agreement. She successfully prevented any word of these discussions reaching the jury, but objected when the court refused to instruct the jury that Nickerson's failure to respond to Rowe's request for adequate assurances justified Rowe's repudiation of the underlying contract. The court was correct because Rowe kept out evidence of the settlement discussions that Nickerson contended were the very reason for his failure to respond. *See Aucella v. Town of Winslow,* 628 A.2d 120, 123 (Me.1993) (a party is entitled to a specific jury instruction only if it "states the law correctly, is supported by the facts, is not misleading, and has not already been covered by the charge"); *Pelkey v. Canadian Pacific Ltd.,* 586 A.2d 1248, 1251 (Me.1991) (if instructions "are substantially correct and legal situation is made clear to the jury," the court's decision not to amplify or further explain is not error).

■ The court did not err, as Rowe also contends, in allowing Nickerson to recover special damages in the form of interest payments on a construction loan. Based on competent evidence, the jury found that the interest payments were reasonably within Rowe's contemplation at the time she entered into the contract. *Forbes v. Wells Beach Casino, Inc.,* 409 A.2d 646, 654 (Me. 1979); *see Casco Bank & Trust Co. v. Bank of New York,* 584 F.Supp. 763, 767 (D.Me. 1984) (prejudgment interest statute does not preclude plaintiff from showing damages beyond statutory rate); *Batchelder v. Tweedie,* 294 A.2d 443, 444 (Me.1972) (prejudgment interest statute is procedural incentive only); *see also Bourette v. Dresser Indus., Inc.,* 481 A.2d 170, 174 (Me.1984) (damage award will not be disturbed unless there is no rational basis upon which the award may be supported).

■ With respect to Rowe's third contention, she cannot demonstrate that the single reference to unrecoverable damages made by Nickerson's counsel in his closing argument was so prejudicial as to affect her substantial rights. M.R.Civ.P. 61; *Miller v. Szelenyi,* 546 A.2d 1013, 1018 (Me.1988); *Farrell v. Theriault,* 464 A.2d 188, 192 (Me.1983).

■ The court did err, however, in finding that Nickerson's lien was filed in a timely fashion. The evidence in the record supports a finding of two discrete agreements, one, executed in May 1989, for construction of a house and another, reached in March 1990, for the removal of the house. The court found that the last work to complete construction of the house was performed on March 3, 1990. Nickerson did not file his lien until July 31, 1990, more than 120 days later. *See* 10 M.R.S.A. § 3255 (1990 & Supp. 1993) (lien must be filed within 120 days of the last labor or services being performed or furnished to the premises). Indeed, Nickerson's counsel conceded during oral argument that Nickerson's work on the house in June was performed pursuant to the settlement agreement to remove the house and not the original construction contract. The judgment with respect to the timely filing of the lien is vacated. *Farnham v. Davis,* 79 Me. 282, 9 A. 725 (1887); *Baker v. Fessenden,* 71 Me. 292 (Me.1880).

The entry is:

Judgment modified to determine the lien claim invalid and, as modified, affirmed.

All concurring.