STATE OF MAINE
CUMBERLAND, ss



SUPERIOR COURT
CIVIL ACTION
DOCKET NO.: RE-08-017

SIMPLEX GRINNELL,
Party-in-Interest/Cross-claim Plaintiff

v.

ORDER ON ALL
PENDING MOTIONS

BEDFORD FALLS ASSOCIATES, LLC,
Defendant

AND

OCEAN BANK, FSB, HOME LOAN INVESTMENT
BANK, FSB, FOUR BROTHERS CORPORATION,
ALAN EGER ELECTRIC, INC., AND PORT CITY GLASS
COMPANY, INC.,
Parties-in-Interest

Before the Court are Parties-in-Interest Ocean Bank, FSB and Home Loan

Investment Bank, FSB's motion to dismiss Cross-claim Plaintiff Simplex Grinnell's

Amended Cross-Claim pursuant to M.R. Civ. P. 12(b)(6) and their motion for summary

judgment pursuant to M.R. Civ. P. 56.

## BACKGROUND

On January 22, 2008, Plaintiff Alan Eger Electric, Inc. ("Eger") filed a five-count

complaint, naming Ocean Bank, FSB ("Ocean Bank") and Home Loan Investment Bank,

FSB ("Home Loan") as parties-in-interest to Eger's mechanic's lien claim. On March 7,

2008, Simplex Grinnell filed a four-count cross-claim against Bedford Falls Associates,

LLC ("Bedford Falls"), Ocean Bank and Home Loan. Simplex Grinnell did not name

Ocean Bank and Home Loan as defendants on any of the counts, but named them only

as parties-in-interest for its mechanic's lien claim. On June 6, 2008, Simplex Grinnell

sought leave from the Court to file an Amended Cross-Claim, adding Port City Glass

Company, Inc. ("Port City") as a party-in-interest. The Court granted this motion.

On June 17, 2008, Ocean Bank and Home Loan filed an Answer to the Amended Cross-Claim. On July 2, 2008, Port City filed an Answer to the Amended Cross-Claim. Neither the defendant nor the other parties-in-interest filed answers.[1] As of July 7, 2008, Eger's claims were either dismissed or otherwise fully resolved. Thus, only Cross-Claim Plaintiff Simplex Grinnell's claims remain.

## DISCUSSION

### I. Motion to Amend

On January 26, 2009, Simplex Grinnell moved for leave to file a Second Amended Cross-Claim pursuant to M.R. Civ. P. 15(a). The Seconded Amended Cross-Claim included additional allegations against Ocean Bank and Home Loan. Specifically, Simplex Grinnell sought to include these parties-in-interest in its allegation that the work it performed was done with the knowledge and consent of these entities, in addition to the knowledge and consent of Defendant Bedford Falls. On February 20, 2009, Ocean Bank and Home Loan filed an opposition to this motion. On February 25, 2009, the Court issued the following Order:

> Motion to amend will be granted provided Simplex Grinnell
> further amends to allege compliance with Mechanic's Lien Statute
> on or before March 16, 2009. Otherwise motion to amend is
> Denied.

The Clerk of Court docketed this Order in the usual course.[2] To date, Simplex Grinnell has not filed a revised Second Amended Cross-Claim. By operation of Simplex Grinnell's failure to file an amendment to its second amended complaint its motion was denied. *See* Order dated Feb. 25, 2009. Nevertheless, the Court takes this opportunity to further to analyze the substance of Simplex Grinnell's Motion to Amend.

---

[1] This is contrary to Simplex Grinnell's assertion that "none" of the parties-in-interest nor the defendant filed an answer. M. Amend. ¶ 2 (filed Jan. 28, 2009).

[2] The Court held a trial management conference on May 11, 2009. At this hearing, counsel for Simplex Grinnell had no recollection of receiving this Order.

In the interests of finality and judicial economy, the court should rule on a motion to amend before the court considers a dispositive motion, such as a motion to dismiss or a motion for summary judgment. *Sherbert v. Remmel*, 2006 ME 116, ¶ 8, 908 A.2d 622, 624; *Kelly v. Michaud's Ins. Agency*, 651 A.2d 345, 346 (Me. 1994). A "party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served." M.R. Civ. P. 15(a). "Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party." *Id.*

The court shall freely grant a motion to amend "when justice so requires." M.R. Civ. P. 15(a). This rule should be "liberally applied to achieve the purpose set forth in Rule 1: the 'just, speedy and inexpensive determination of every action.'" *Bangor Motor Co. v. Chapman*, 452 A.2d 389, 392 (Me. 1982). The Court may deny a motion to amend for a number of reasons. For instance, "the court may deny a motion to amend if it is untimely filed or filed for delay." *Sherbert*, 2006 ME 116, ¶ 8, 908 A.2d at 624. Likewise, "[a] court does not abuse its discretion when it denies a motion for leave to amend when the moving party fails to show how it could cure the complaint . . . ." *Id.* (alteration in original).

In the instant case, Cross-Claim Plaintiff's stated reason for its motion to amend is to cure a "clerical error" in failing to allege that Parties-in-Interest Ocean Bank and Home Loan had knowledge and consent of the work it performed at the Bedford Falls property. As pointed out by Ocean Bank and Home Loan in their opposition, this amendment, by itself, does not cure the defects in Simplex Grinnell's Second Amended Cross-Claim Complaint. The mechanic's lien statute ("the Act"), 10 M.R.S. §§ 3201-3269 (2008), provides the necessary procedure for a claimant to properly perfect a mechanic's lien. "Because the origin of the materialmen's lien is statutory and was unknown at common law, every jurisdictional requirement must be met and all conditions

3

precedent as prescribed by statute must be complied with, before the lienor can prevail. In other words, the lienor must bring himself within the statute." *T.A. Napolitano Electrical Contractors, Inc. v. Direnzo*, 602 A.2d 1149, 1150 (Me. 1992) (quoting *Pineland Lumber Co. v. Robinson*, 382 A.2d 33, 36 (Me. 1978)).

The Act provides relief to lien claimants who furnish labor, materials, or services pursuant to a contract with an owner of property or with the owner's consent.[3] 10 M.R.S. § 3251. It provides more protections for owners if the lien claim is based on the owner's consent, rather than contract.[4] For example, if the lien claim is based on the owner's alleged consent, the owner may prevent the lien by giving written notice to the lien claimant. *Id.* § 3252.[5] Also, a lien claimant must file the details of the lien with the registry of deeds and provide a copy of this filing to all allegedly consenting owners. *Id.* § 3253(1)(A)-(B). A failure to do so is fatal to a claim based on consent because the lien is automatically dissolved after ninety days. *Id.* § 3253.[6]

---

[3] For purposes of the Act, a mortgagee is considered an owner. *Gagnon's Hardware & Furniture v. Michaud*, 1998 ME 265, ¶ 6, 721 A.2d 193, 194.

[4] Simplex Grinnell conceded at the trial management conference that it did not contract with either Ocean Bank or Home Loan for the improvements made to the Bedford Falls property. As such, Simplex Grinnell was statutorily obligated to file a lien notice in the registry of deeds and provide a copy of the notice to these mortgagees. *See* 10 M.R.S. §§ 3252-53.

[5] "If the labor, materials or services were not furnished by a contract with the owner of the property affected, the owner may prevent such lien for labor, materials or services not then performed or furnished, by giving written notice to the person performing or furnishing the same that he will not be responsible therefor." 10 M.R.S. § 3252.

[6] Specifically, Section 3253 states:

1. FILING OF CLAIM. The lien under section 3252 is dissolved unless the claimant, within 90 days after ceasing to labor, furnish materials or perform services:

    A. Files in the office of the register of deeds in the county or registry district in which the building, wharf or pier is situated a true statement of the amount due the claimant, with all just credits given, together with a description of the property intended to be covered by the lien sufficiently accurate to identify it and the names of the owners, if known. The statement must be subscribed and sworn to by the person claiming the lien, or by someone in the claimant's behalf, and recorded in a book kept for that purpose by the register of deeds for the county or registry district, who is entitled to the same fees as for recording mortgages; and

    B. Provides a copy of the statement under paragraph A to the owner or owners by ordinary mail. For purposes of this paragraph, a post office certificate of mailing the notice to the owner is conclusive proof of receipt by the owner.

2. EXEMPTION FOR CONTRACT WITH OWNER. This section does not apply when the labor, materials or services are furnished by a contract with the owner of the property affected.

The Act specifically addresses pleading requirements. *Id.* § 3257. Specifically, Section 3257 states, in relevant part:

> The complaint shall state that the plaintiff claims a lien on the house, building or appurtenances. . . and the land on which it stands, for labor or services performed or for labor, materials or services furnished, in erecting, altering, moving or repairing said house, building or appurtenances. . .; whether it was by virtue of a contract with or by consent of the owner, and if not, that the claimant has complied with section 3253. The complaint shall pray that the property be sold and the proceeds applied to the discharge of such lien. . . . Any mortgagee or other person having a claim upon, or interested legally or equitably in, said property may be made a party. The court shall have power to determine all questions of priority of lien or interest, if any, between parties to the proceeding.

*Id.*

By the Act's plain language, the allegations in the complaint must 1) claim a lien on a structure and/or land with a degree of specificity; 2) it must state whether the services rendered were pursuant to a contract with the owner or with the owner's consent; and 3) the claimant must affirmatively state that it complied with the notice procedures of section 3253.[7] *Id.* Although Simplex Grinnell's motion to amend addressed the issue of Ocean Bank and Home Loan's knowledge and consent to its work, it failed to address how its amendment to the Complaint would cure the defects regarding the statutorily required notice. Nor did Simplex Grinnell provide this information to the Court after its February 25, 2009 Order.[8] Accordingly, the Court

---

[7] This provision is not, however, without ambiguity. The phrase "whether it was by virtue of a contract with or by consent of the owner, and if not, that the claimant has complied with section 3253" is somewhat inconsistent with terms of section 3253(2), which states that the notice requirements of section 3253 "does not apply when the labor, materials or services are furnished by a contract with the owner of the property affected." 10 M.R.S. § 3253(2). Nevertheless, the plain meaning of the statute, combined with the agreement by the parties that section 3253 applies, leads to the necessary conclusion that Simplex Grinnell was statutorily obligated to make an affirmative statement of compliance with section 3253 in its complaint. Moreover, on February 25, 2009, the Court exercised appropriate judicial discretion in requiring Simplex Grinnell to make such a statement because without it the Second Amended Complaint was not cured of pleading defects sufficient to survive a motion to dismiss. *See Sherbert*, 2006 ME 116, ¶ 8, 908 A.2d at 624. It is undisputed that Simplex Grinnell did not and has not done so.

[8] Simplex Grinnell's counsel contends that she did not receive this Order. All other counsel at the trial management conference represented that they had, in fact, received the Order. Nevertheless, counsel for Ocean Bank and Home

denies Simplex Grinnell's motion to amend the pleadings pursuant to M.R. Civ. P. 15(a). Given this, the First Amended Cross-Claim is the operative complaint considered in the parties-in-interests' motion to dismiss and their motion for summary judgment.

## II. Motion to Dismiss

### A. Standard of Review

A motion to dismiss pursuant to M.R. Civ. P. 12(b)(6) "tests the legal sufficiency of the complaint and, on such a challenge, 'the material allegations of the complaint must be taken as admitted.'" *Shaw v. Southern Aroostook Comm. Sch. Dist.*, 683 A.2d 502, 503 (Me. 1996) (quoting *McAfee v. Cole*, 637 A.2d 463, 465 (Me.1994)). When reviewing a motion to dismiss, this Court examines "the complaint in the light most favorable to the plaintiff to determine whether it sets forth elements of a cause of action or alleges facts that would entitle the plaintiff to relief pursuant to some legal theory." *Id.* A dismissal under M.R. Civ. P. 12(b)(6) will be granted only "when it appears beyond a doubt that the plaintiff is entitled to no relief under any set of facts that he might prove in support of his claim." *Id.* (quoting *Hall v. Bd. of Envtl. Prot.*, 498 A.2d 260, 266 (Me. 1985)). This is a question of law. *Bean v. Cummings*, 2008 ME 18, ¶ 7, 2008 ME 18, 939 A.2d 676, 679.

Loan not only mentioned the Order in their March 30, 2009 motion to dismiss/motion for summary judgment but also discussed it extensively. M. Dismiss at 2-3. In Simplex Grinnell's opposition, counsel merely stated she "is unaware of any Orders requiring any further amendment." Opp. at 2. Simplex Grinnell's counsel filed the motion to amend more than two months before the motion to dismiss/motion for summary judgment presently before the Court. If counsel did not receive the Order then the motion to amend would, to her knowledge, still have been outstanding. It was incumbent upon counsel to inquire into either the status of the motion to amend or the substance of an Order that was, at least according to opposing counsel, fatal to Simplex Grinnell's mechanic's lien claim.

## B. Amended Cross-Claim

A mechanic's lien is a creature of statute. *Direnzo*, 602 A.2d at 1150. The Act is "construed and applied liberally to further their equity and efficacy, when it is clear that the lien has been honestly earned, and the lien claimant is within the statute." *Twin Island Dev. Corp. v. Winchester*, 512 A.2d 319, 323 (Me. 1986) (internal quotation omitted). Nevertheless, the Law Court requires fairly strict adherence to the Act's requirements in an effort to serve the dual purposes of the Act: "afford security to mechanics and provide notice to owners and purchasers of potential claims." *HCI Corp. v. Voikos Constr. Co.*, 581 A.2d 795, 798 (Me. 1990). For example, in *Lyon v. Dunn*, a materialman was precluded from enforcing a mechanic's lien when he failed to file the statutorily required notice. 402 A.2d 461, 466 (Me. 1979); *But see Winchester*, 512 A.2d at 323 (holding that the 120 day requirement for filing the complaint need not be explicitly pled, but the Law Court specifically noted that this relaxed interpretation would not necessarily apply with respect to notice requirements).

As discussed above, a lien claimant must allege an owner's consent to the work[9] and affirmatively state that it complied with the notice requirements of section 3253. Simplex Grinnell did neither. Thus, it cannot recover pursuant to any legal theory on the present pleadings.[10] Having failed to state a claim against either Ocean Bank or Home Loan, the Court grants their motion to dismiss pursuant to M.R. Civ. P. 12(b)(6). With no viable claim properly before the Court, Ocean Bank and Home Loan's motion for summary judgment is moot.

---

[9] Simplex Grinnell, as evidenced by its motion to amend, admits that these allegations are necessary for a viable mechanic's lien claim.

[10] Simplex Grinnell did not assert any other claims against Ocean Bank and/or Home Loan beyond the mechanic's lien claim.

7

Therefore the entry is:

Parties-in-Interest Ocean Bank, FSB and Home Loan Investment Bank, FSB's motion to dismiss is GRANTED. Ocean Bank, FSB and Home Loan Investment Bank, FSB's motion for summary judgment is DISMISSED as moot. It is hereby ORDERED that Simplex Grinnell's Amended Cross-Claim against Ocean Bank, FSB and Home Loan Investment Bank, FSB be DISMISSED.


Dated at Portland, Maine this _____ day of _____, 2009.

Robert E. Crowley
Justice, Superior Court

8

DAVID JONES ESQ
JENSEN BAIRD GARDNER & HENRY
11 MAIN ST
SUITE 4
KENNEBUNK ME 04043

BRENDAN RIELLY ESQ
JENSEN BAIRD GARDNER & HENRY
PO BOX 4510
PORTLAND ME 04112

EDWIN DAGGETT ESQ
PO BOX 10189
PORTLAND ME 04104

KATE CONLEY ESQ
SUSAN SZWED ESQ
PMB 815
PO BOX 9715
PORTLAND ME 04104-5015