STATE OF MAINE                                 SUPERIOR COURT
CUMBERLAND, ss.                                CIVIL ACTION
                                               DOCKET NO. CV-09-045
                                               JAW · CUM(E 1/26/2010

JOHN CONNORS, d/b/a/
John Connors Plumbing & Heating

            Plaintiff

v.                                             ORDER & DECISION

CHRIS KENNISON, d/b/a,
Western Maine Contractors,

and

WALTER J. KLAUBER and
RITA A. KLAUBER

            Defendants.


        This matter is before the court on Plaintiff's, John Connors d/b/a/ John Connors

Plumbing & Heating ("Plaintiff" or "Connors"), motion for summary judgment on his

complaint against Defendants, Chris Kennison d/b/a/ Western Maine Contractors

("Defendant" or "Kennison") and Walter and Rita Klauber ("Defendant " or "Klaubers"),

as well as on the Klaubers' counterclaim for a defective mechanic's lien.  Also before the

court is Plaintiff's motion for judgment on the pleadings regarding Defendant Klaubers'

counterclaim for slander of title.

                     **BACKGROUND AND PROCEDURAL HISTORY**

        A brief summary of the facts is as follows:

   • On May 14, 2008, Klauber entered into a contract with Kennison to construct a
     home on the Klaubers' property in Naples, Maine for a price of $157,700.00.
     Kennison was employed as the general contractor and was responsible for the
     hiring of the subcontractors. (P.S.M.F. ¶ 11.)

- Kennison hired Connors as a sub-contractor. They had a contract that Connors was to be paid $14,000 for his work and related materials. (P.S.M.F./D.R.S.M.F. ¶¶ 14-15.)

- Not included in the Kennison/Connors contract was the $120 extra inline water filter that Connors installed at the request of the Klaubers. (P.S.M.F./D.R.S.M.F. ¶ 17.)

- Connors was only paid $4,000.00 by Kennison for his work. (P.S.M.F./D.R.S.M.F. ¶ 28.)

- As of November 2008, the Klaubers had paid all but $9,950.00 of the contract price to Kennison. Also during this time, the Klaubers heard from various subcontractors that they had not been fully paid and planned to commence lien procedures. Connors was among these sub-contractors. The Klaubers deposited the remaining balance of the contract amount with their attorney. Notably, the Klaubers paid no more money to Kennison after this point. (P.S.M.F./D.R.S.M.F. ¶ 33; Def.'s Mem. Law Opp'n to Summ. J. at 2.)

- Subsequent to the deposit of funds with the attorney for the Klaubers, Kennison reached alternative arrangements with all but four of the unpaid or partially paid sub-contractors. The Klaubers offered Connors and the remaining three sub-contractors pro-rata shares of the remaining balance in exchange for a lien release of any claims against the property. Each of the remaining sub-contractors, except for Connors, participated in the pro-rata distribution and lien release. The funds were disbursed directly to these subcontractors in exchange for the lien release. (Def.'s Mem. Law Opp'n to S. J. at 2.)

- On November 6, 2008, Connors mailed a notice to Klauber, pursuant to 10 M.R.S.A. § 3255, in order to establish the deficiency of his payment, which was received by Walter Klauber on November 8, 2008. (P.S.M.F. ¶¶ 31-32.)

- On January 6, 2009, Connors recorded a Notice of Lien in the Cumberland County Registry of Deeds and mailed a copy of said Notice to the Klaubers. (P.S.M.F./D.R.S.M.F. ¶¶ 34-35.)

- On February 4, 2009, Connors filed a complaint against the Defendants. Kennison filed an answer on March 16, 2009. The Klaubers filed an answer on April 13, 2009, along with a cross-claim and two-count counterclaim. Kennison failed to answer the cross-claim. Connors answered the Klaubers' counterclaims on April 22, 2009.

- Connors filed the present motion for summary judgment and motion for judgment on the pleadings on November 12, 2009. Kennison failed to file an opposition. The Klaubers opposed the motion, with permission from the court, on December 3, 2009, and Connors filed a reply on December 14, 2009.

As Defendant Kennison has not filed an opposition to Connor's motion, the court GRANTS Connor's motion for summary judgment as against Kennison for Count I (Breach of Contract) and Count III (Violation of Prompt Payment Act) of the complaint.

The remaining counts to be decided on summary judgment are: Count II (Unjust Enrichment) and Count IV (Enforcement of the Mechanics Lien) on the complaint, and Defendant Klaubers' Counterclaim I (failure to comply with the Mechanic's Lien Law). Also to be decided is Connors motion for judgment on the pleadings pertaining to Defendant Klaubers' Counterclaim II (Slander of Title).

DISCUSSION

I.    Summary Judgment Standard of Review.

"Summary judgment is appropriate when review of the parties' statements of material facts and the referenced record evidence, considered in the light most favorable to the non-moving party, indicates that no genuine issue of material fact is in dispute." *Blue Star Corp. v. CKF Props. LLC*, 2009 ME 101, ¶ 23, 980 A.2d 1270, 1276 (citing *Dyer v. Dep't of Transp.*, 2008 ME 106, ¶ 14, 951 A.2d 821, 825; *Stanley v. Hancock County Comm'rs*, 2004 ME 157, ¶ 13, 864 A.2d 169, 174); *see also* M. R. Civ. P. 56. A party wishing to avoid summary judgment must present a prima facie case for the claim or defense that is asserted. *Reliance National Indemnity v. Knowles Industrial Services*, 2005 ME 29, ¶ 9, 868 A.2d 220, 224-25. A genuine issue is raised "when sufficient evidence requires a fact-finder to choose between competing versions of the truth at trial." *Parrish v. Wright*, 2003 ME 90, ¶ 8, 828 A.2d 778, 781. A material fact is a fact that has "the potential to affect the outcome of the suit." *Burdzel v. Sobus*, 2000 ME 84,

3

¶ 6, 750 A.2d 573, 575. "If material facts are disputed, the dispute must be resolved through fact-finding." *Curtis v. Porter*, 2001 ME 158, ¶ 7, 784 A.2d 18, 21-22.

### A. Enforceability of the Mechanic's Lien (Count IV of the Complaint and Counterclaim I)

The Klaubers challenge the enforceability of the mechanic's lien on two grounds: (1) their alleged entitlement to the double payment defense; and (2) that the lien is procedurally deficient. The court addresses each of these challenges below.

1. Double Payment Defense

The Klaubers allege that there is no balance due under their contract with Kennison as they distributed the remaining $9,950.00 to other subcontractors who were owed money for construction of the Klaubers' home, and not to Kennison. Thus, they contend they are entitled to the "Double Payment Defense"[1] provided in the mechanics' lien statute. 10 M.R.S.A. § 3255(3). The court disagrees.

---

[1] The statute states:

NOTICE TO OWNER. If the labor, materials or services were not performed or furnished by a contract with the owner of the property affected, the lien described in this chapter may only be enforced against the property affected to the extent of the balance due to the person with whom the owner has directly contracted to perform or furnish the labor, materials and services on which that lien claim is based. The defense established by this subsection shall only be available with respect to sums paid by the owner to the person with whom the owner has directly contracted where payment was made prior to commencement of an action to enforce such lien by the person performing or furnishing labor, materials or services without a contract with the owner or a written notice from the person performing or furnishing labor, materials or services without a contract with the owner which sets forth a description of the property sufficiently accurate to identify it; the names of the owners; that the person giving notice is going to perform or furnish, is performing or furnishing or has performed or furnished labor, materials or services; that the person giving notice may claim a lien therefor and which shall contain the following warning at the top of the notice:

Under Maine law, your failure to assure that ............ (name of the claimant giving notice) is paid before further payment by you to .................. (name of contractor) may result in your paying twice.

In no case shall the total amount due from the owner to those performing or

4

> The Mechanics' Lien Statute affords a "double payment" defense to a homeowner when persons who have furnished material and services independently to the homeowner's contractor seek enforcement of their liens. 10 M.R.S.A. § 3255(3). No obligation arises on the part of the homeowner to such materialmen until after receipt of a notice of the lien. After the homeowner's receipt of a notice of the lien, the statute provides that the lien may be enforced against the property affected to the extent of the "balance due" by the homeowner to the person with whom he has directly contracted. *Id.* This provision sets up the maximum pool from which the subcontractors can seek enforcement of their liens.

*Pond Cove Millwork Co. v. Steeves*, 598 A.2d 1181, 1182 (Me. 1991). The Legislature amended the Mechanic Lien statute "to provide better protection for owners . . . of real property from unrecorded mechanics' liens and from the possibility of having to make double payment to contractors and subcontractors." *Id.* at 1182, n. 3.

Although the notice provision of the statute provides protection for property owners, it does not give property owners the right to decide the process of distribution of the lien amount as the Klaubers suggest. The court declines to interpret the statute in such a way as it would cause "results that are . . . inconsistent, unreasonable or illogical." *International Paper Co. v. Bd. of Envtl. Prot.*, 629 A.2d 597, 599-600 (Me. 1993); *see also Twin Island Dev. Corp. v. Winchester*, 512 A.2d 319, 323 (Me. 1986) (noting that courts have "long adhered to the principle that the mechanic's lien statutes will be construed and applied liberally to further their equity and efficacy, when it is clear that the lien has been honestly earned, and the lien claimant is within the statute") (internal citations omitted).

---

furnishing labor, materials or services without a contract with the owner exceed the balance due from the owner to the person with whom he has directly contracted at the time of service of process on the owner in a lien action or receipt of the written notice described above, whichever occurs first.
10 M.R.S.A. §3255(3).

It is undisputed that the Klaubers owed Kennison $9,950 as of November 8, 2008, the date on which they received the mechanics' lien Notice. (P.S.M.F/D.R.S.M.F. ¶ 33.) Their potential liability on the lien claim was set on that date. That the Klaubers chose to engage in negotiations and distribute the funds to other subcontractors after that date has no bearing on their liability under the mechanics' lien. Connors adhered to the requirements of the statute and should not be punished for following the statutory process as opposed to engaging in negotiations with the Klaubers.[2] The Klaubers attempt to take the law into their own hands ultimately exposed them to double payment liability. As such, the Klaubers are not entitled to the double payment defense under the mechanics' lien statute.

## 2. Procedural Requirements

To enforce a mechanics' lien certain statutory requirements must be met. *Napolitano Elec. Contract. Inc. v. Direnzo*, 602 A.2d 1149, 1150 (Me. 1992); 10 M.R.S.A § 3251 *et seq.* Not only must there be a contract with, or consent by, the owner for the work, but a subcontractor wishing to secure a lien must also: (1) record in the registry of deeds a sworn statement of the amount due along with a description of the property and its owners; (2) provide a copy of the notice of lien to the property owners; (3) commence an action in the county where the land is located within 120 days after the last of the labor, services, or materials are furnished; and (4) if the lien claimant did not contract directly with the property owner, such as in sub-contractor situations, a summons and complaint cannot be served on the owner until 30 days after the complaint has been filed. 10 M.R.S.A. § 3251 *et seq.*

---

[2] The court notes that while negotiations and settlements between parties are always encouraged, parties cannot unilaterally assume the role of the court and interpret statutes and decide judicial procedures.

The Klaubers allege that the lien is procedurally deficient because Connors did not adequately describe the property or provide proper documentation supporting the value he claims is due to him under the lien. (D.R.S.M.F. ¶¶ 10-11.) The court addresses each of these alleged procedural deficiencies in turn.

a. *Property Description*

The Klaubers contend that Connors failed to establish his mechanic's lien because he did not adequately or accurately describe the property. They state that the Notice was deficient because it described the property as: "the property owned by Walter J. Klauber and Rita A. Klauber, located at 289 State Park Road, Naples, Cumberland County, Maine," but attached "a prior deed in the chain of title which conveyed a significantly larger parcel of land to Klauber and his siblings." (D.R.S.M.F. ¶¶ 10-11, Def's Mem. Law Opp'n to Pl.'s M. Summ. J. at 4.) Essentially, the Klaubers allge that that the Notice is deficient because the deed describes the property at issue, as well as additional land. The court disagrees. The statute is clear that "[n]o inaccuracy in such statement relating to said property, if the same can be reasonably recognized, . . . invalidates the proceedings." 10 M.R.S.A. § 3254. The statute also states that the "the description of the property intended to be covered by the lien [must be] sufficiently accurate to identify it." 10 M.R.S.A. § 3253(1)(A). The court concludes that the description of the property need not be perfect, it simply must be reasonably recognizable from the pertinent lien documents. Here, the property is clearly recognizable as William Klauber himself admitted that he was the owner of "the premises at 289 State Park Road , Naples, ME 04055." (Klauber Aff. ¶ 2.) Therefore, there is not a genuine issue of material fact that

7

Connors adequately described the property in accordance with the statute. There is however, an issue of material fact regarding the value of the lien.

### b. Amount Due

The mechanic's lien statute states that "the court shall determine the amount for which each lienor has upon the property by jury trial [or]. . . in such a manner as the Court shall direct." 10 M.R.S.A. § 3258 (Supp. 2003). This section seems to indicate that the value of a lien is a question of fact suitable for a jury. While neither party has asked for a jury trial in the complaint or answer, summary judgment on the issue of the value of the lien would be inappropriate because certain factual determinations must be made.

In Maine, where the owner of a property is not a party to the contract, the determination of the value of the lien must be determined by what is the "fair and reasonable value of the labor and materials . . . ." *Bangor Roofing & Sheet Metal Co., v. Robbins Plumbing Co., Inc., et. al.,* 116 A.2d 664, 666 (Me. 1955). In other words, "in what amount has the property been enhanced by the labor and materials furnished?" *Id.* The Law Court stated that this "determination is primarily one of fact." *Id.* at 667. This rule is supported by the primary purpose of the mechanics' lien law; "the prevention of unconscionable and unjust enrichment." *Id.* at 666. Thus, "[a] lien is given upon the ground that the work has been a benefit to the realty, and has enhanced its value." *Id.*

In *Bangor Roofing*, a subcontractor supplied labor and materials for the construction of a school building. *Bangor Roofing*, 116 A.2d at 665. The subcontractor attached an itemized list of labor and materials that represented its actual cost for those items and the subcontract price to the complaint. *Id.* at 665. However, the Law Court

8

held that since there was no express contract between the subcontractor and the property owner, the subcontractor was not automatically entitled to its subcontract price. *Id.* at 666. The Law Court stated:

> [w]here [a] subcontractor has a fixed price contract with another contractor who stands between him and the owner, we think the price agreed upon represents a ceiling upon this fair and reasonable price, and it would be inequitable to permit a lien in excess of the subcontract price. But where the fair and reasonable value appears to be less than the subcontract price, the latter must yield to the former in submission to the test as to the extent the property has been enhanced. A subcontractor then cannot assume that he has a lien for the amount of his subcontract in all cases, but he may rely upon the lien security to protect the payment contracted for provided the fair value of what he furnishes at least equals that amount.

*Id.* The Law Court also rejected the argument that the value of any lien should be determined by actual costs as opposed to fair and reasonable value. *Id.* at 667; *see also Pendleton v. Sard*, 297 A.2d 889, 891 (Me. 1972).

Here, although Connors provided affidavits and receipts of his labor and materials, the court finds that, like *Bangor Roofing*, the pertinent question is not what the value of the labor and materials is, but rather "[i]n what amount has the property been enhanced by the labor and materials furnished?" *116* A.2d at 666. Although it is highly unlikely that the enhanced value will be less than $9,950.00 as Connors spent over $7,000.00 on materials alone, it is not the court's place to speculate how much Connors' work enhanced the value of the Klaubers' property. As there remains an issue of material fact regarding the value of the lien, Connors motion for summary judgment is DENIED.

**B. Unjust Enrichment**

Connors also moves for summary judgment on Count II of his complaint against the Klaubers under a theory of unjust enrichment.

As discussed above, the purpose of the mechanics lien statute is to prevent unjust enrichment to property owners at the detriment of contractors. *See Bangor Roofing,* 116 A.2d at 666 (noting that the purpose of the mechanics' lien law is to prevent "unconscionable and unjust enrichment"). As such, Connors' mechanics' lien claim is for the same damages as the unjust enrichment claim, and thus is surplusage. However, Connors does have a viable claim under a theory of unjust enrichment for the $120.00 additional inline water filter he installed at the Klaubers' request. Both parties stipulated at hearing that the Klaubers owe Connors this sum for his work and there are plans to pay the balance shortly. As such, Connors' motion for summary judgment as to Count II for $120.00 is GRANTED.

## II.    Motion for Judgment on the Pleadings

Connors also filed a motion for judgment on the pleadings of the Klaubers' counterclaim for slander of title. A "motion for judgment on the pleadings is the functional equivalent of a motion to dismiss for failure to state a claim." *Stevens v. Bouchard,* 532 A.2d 1028, 1029 (Me. 1987). The Court must "examine the complaint in the light most favorable to the plaintiffs to determine whether it alleges the elements of a cause of action or facts entitling the plaintiffs to relief on some legal theory" and "assume that all factual allegations in the complaint are true." *Id.* at 1030; *see also Saunders v. Tisher,* 2006 ME 94, ¶ 8, 902 A.2d 830, 832.

For a plaintiff to recover under a claim for slander of title the following elements must be proven: (1) publication of a slanderous statement disparaging a claimant's title to an interest in land, (2) the statement was false, (3) the statement was made with malice or with reckless disregard of its falsity, and (4) the statement caused actual damage. *Pettee*

*v. Young*, 2001 ME 156, ¶ 20, 783 A.2d 637, 642 (internal citations omitted); *see also Colquhoun v. Webber*, 684 A.2d 405, 409 (Me. 1996) (noting that "'slander of title'" is a form of the tort of injurious falsehood that protects a person's property interest against words or conduct which bring or tend to bring the validity of that interest into question").

The Klaubers' claim that by recording the mechanics' lien Connors slandered the title of their property. (Def's Opp'n Pl.'s M. for J. on the Plead.) The court concludes, as discussed above, that Connors had an adequate basis for filing the mechanics' lien, thus the Klaubers' slander of title claim fails to state a claim for which relief can be granted. Therefore, Connor's motion for judgment on the pleadings is GRANTED as to Count II of the Klaubers' counterclaim.

## CONCLUSION

On Plaintiff's Motion for Summary Judgment it is hereby ORDERED and ADJUDGED:

> On Count I of Plaintiff's complaint, Breach of Contract, judgment for Plaintiff against Defendant Chris Kennison is GRANTED in the amount of Ten Thousand Dollars ($10,000.00), plus interest and costs.
>
> On Count II of Plaintiff's complaint, Unjust Enrichment, judgment for Plaintiff against Defendants Walter and Rita Klauber is GRANTED in the amount of One Hundred and Twenty Dollars ($120.00), plus interest and costs.
>
> On Count III of Plaintiff's complaint, Violation of Prompt Payment Act, judgment for Plaintiff against Defendant Chris Kennison is GRANTED in the amount of Ten Thousand Dollars ($10,000.00), plus interest, costs, and penalties as specified in Title 10 M.R.S.A. § 1118(2); and reasonable attorney's fees.[3]

---

[3] Plaintiff shall submit an updated affidavit of attorney's fees, a computation of interest allowed (including that allowed pursuant to 10 MRSA § 1118), and a proposed Judgment reflecting these amounts within 30 days. The court will conduct a final review of the amounts sought and render an appropriate judgment thereafter.

11

On Count IV of Plaintiff's complaint, Enforcement of Mechanics' Lien, summary judgment is hereby DENIED.

On Count I of Defendants' counterclaim, Enforcement of Mechanics' Lien, summary judgment is hereby DENIED.

On Plaintiff's Motion for Judgment on the Pleadings it is hereby ORDERED and

ADJUDGED:

On Count II of Defendants' counterclaim, Slander of Title, Connors motion for judgment on the pleadings is GRANTED.


The Clerk will schedule this matter for a conference of counsel to discuss further

proceedings.

The clerk shall incorporate this Order into the docket by reference pursuant to

M.R. Civ. P. 79(a).


DATED: January 26, 2010

Joyce A. Wheeler, Justice

## STATE OF MAINE
### CUMBERLAND COUNTY SUPERIOR COURT

142 FEDERAL STREET
PORTLAND, MAINE 04101



To:

ROBERT NEAULT ESQ   *Klauber*
PO BOX 1575
NAPLES ME 04055

---

## STATE OF MAINE
### CUMBERLAND COUNTY SUPERIOR COURT

142 FEDERAL STREET
PORTLAND, MAINE 04101



To:

THOMAS DYHRBERG ESQ   *Pitt*
PO BOX 2401
SOUTH PORTLAND ME 04116-2401

---

## STATE OF MAINE
### CUMBERLAND COUNTY SUPERIOR COURT

142 FEDERAL STREET
PORTLAND, MAINE 04101



To:

CHRIS KENNISON   *Pro se*
280 E OXFORD RD
OXFORD ME 04270