**Claude KELLY et al.**

v.

**MICHAUD'S INSURANCE AGENCY, INC.**

Supreme Judicial Court of Maine.

Submitted on Briefs Nov. 16, 1994.

Decided Dec. 20, 1994.

Richard L. Suter, Preti, Flaherty, Beliveau & Pachios, Portland, for plaintiff.

John B. Lucy, Richardson, Troubh & Badger, Bangor, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, DANA and LIPEZ, JJ.

DANA, Justice.

Claude, Cheryl, and Warren Kelly appeal from an order and a judgment entered in the Superior Court (Aroostook County, *Pierson, J.*) denying their motion to amend their complaint and granting a summary judgment to Michaud's Insurance Agency, Inc. (the Corporation) on the basis that their complaint was barred by the applicable two-year statute of limitations, 13–A M.R.S.A. § 1122 (1981).[1] The Kellys contend that the court

---

1. The statute provides in pertinent part:

The dissolution of a corporation ... shall not

abused its discretion by refusing to allow them to amend their complaint to add an employee of the agency as a defendant and to challenge the Corporation's statute of limitations defense. We agree and vacate the judgment.

In July 1978 Claude and Cheryl Kelly began purchasing insurance through the Corporation in Fort Kent. When they purchased automobile insurance, they asked the agent, R. James Deprey, to obtain the "best coverage available." Thereafter they received continuing coverage under various policies. Their automobile policy that was effective in August 1988 provided them with liability coverage of $300,000 per occurrence and uninsured motorist coverage of only $40,000 per occurrence. In August 1988 the Kellys' son, Warren, who was covered under the policy, was involved in an automobile accident while a passenger in a car driven by a third party. The limit on the Kellys' uninsured motorist coverage was inadequate to compensate Warren for all his injuries.

In December 1989 the stockholders and directors of the Corporation filed for dissolution with the Secretary of State. In September 1990 the articles of dissolution were filed. The Kellys were not notified of this dissolution. Deprey continued the business of the Corporation under the name "Michaud's Insurance Agency."

On January 4, 1994, the Kellys filed a complaint against the Corporation alleging negligence, breach of contract, and unfair trade practices. The essence of their complaint was that the Corporation failed to provide them with the "best coverage available." On January 25, 1994, Michaud's Insurance Agency filed an answer in which it denied being a Maine corporation and asserted the statute of limitations as a defense. In March 1994 it filed a motion for a summary judgment on the ground that it had dissolved as a corporation in 1990 and that consequently the applicable two-year statute of limitations barred the Kellys' claim.

On March 9, 1994, the Kellys moved pursuant to M.R.Civ.P. 15(a) to amend their complaint to add as a defendant an employee of the Corporation, R. James Deprey. The proposed amendment also challenged the Corporation's statute of limitations defense by alleging that dissolution was ineffective and that the Corporation should be estopped from asserting that defense. Specifically, they asserted that Deprey was the agent of the Corporation who failed to provide them with the "best coverage available," that they gave notice of their claim to the Corporation before it dissolved, that the Corporation failed to provide for their claim as required for a voluntary dissolution, *see* 13–A M.R.S.A. § 1110(1)(C) (1981), and that they were subsequently induced to believe that the Agency was an active corporate entity. The Kellys also filed a memorandum in opposition to the motion for a summary judgment and a statement of controverted facts, both of which, however, relied on the facts set forth in their proposed amended complaint. On April 6, 1994, the trial court entered a summary judgment for the Corporation stating that the Kellys' action was barred by the two-year statute of limitations. The court then denied the Kellys' motion to amend their complaint stating only that the motion attempted to revive a claim barred by the statute of limitations. The Kellys appealed.

■ When faced with both a motion for a summary judgment and a Rule 15(a) motion to amend pleadings, considerations of finality and judicial economy suggest that a court should dispose of the pending Rule 15(a) motion prior to entertaining a summary judgment. *Glynn v. City of South Portland,* 640 A.2d 1065, 1067 (Me.1994). Because an amended pleading may allege facts that are not addressed by the motion for a summary judgment, a court should rule first on the Rule 15(a) motion to ensure that the amending party is not unfairly precluded from specifying facts that could otherwise defeat a summary judgment. *See Soper v. St. Regis Paper Co.,* 341 A.2d 8, 10–11 (Me.1975). In the instant case, the trial court failed to

take away or impair any remedy available to or against such corporation, its directors, officers or shareholders for any right or claim existing, or any liability incurred, prior to such dissolu-

tion, if action or other proceeding thereon is commenced within 2 years after the date of such dissolution.
13–A M.R.S.A. § 1122(1) (1981).

follow this practice and, in fact, relied on the summary judgment as a basis for denying the Rule 15(a) motion.

■ Whether to allow a pleading amendment rests with the court's sound discretion. *Diversified Foods, Inc. v. First Nat'l Bank of Boston,* 605 A.2d 609, 616 (Me.1992). Rule 15(a) provides that leave to amend "shall be freely given when justice so requires." " '[T]his mandate means that if the moving party is not acting in bad faith or for delay, the motion will be granted in the absence of undue prejudice.' " *John W. Goodwin, Inc. v. Fox,* 642 A.2d 1339, 1340 (Me.1994) (quoting *Diversified Foods, Inc.,* 605 A.2d at 616). "To overturn a denial of leave to amend, the appealing party 'must demonstrate a clear and manifest abuse of ... discretion and must demonstrate granting such motion is necessary to prevent injustice.' " *John W. Goodwin, Inc.,* 642 A.2d at 1340 (quoting *Miller v. Szelenyi,* 546 A.2d 1013, 1022 (Me. 1988)).

■ Applying the foregoing standards to the instant case, we are unable to find any sustainable reason for the denial of the motion to amend. The Corporation does not allege bad faith on the part of the Kellys. It alleges only that there was undue delay. The length of the delay, however, was insubstantial. Only six weeks separated the date the Corporation filed its response to the complaint and the date the Kellys filed their motion to amend. Discovery had barely begun. The expedited pretrial order set the discovery deadline for October—seven months after the Kellys moved to amend. These facts do not permit a finding of undue delay. *See Bangor Motor Co. v. Chapman,* 452 A.2d 389, 393 (Me.1982).

■ Furthermore, the evidence does not support a finding of undue prejudice against the Corporation. "[P]rejudice means something more than an increased likelihood of defeat in the litigation if the amendment is granted." 1 Field, McKusick & Wroth, *Maine Civil Practice* § 15.4 at 304 (2d

ed.1970). The Corporation raised its dissolution as a basis for a statute of limitations defense. The Kellys promptly sought to oppose this defense by amending their pleadings. Additionally, the Corporation would not be unduly prejudiced by the addition of Deprey as a defendant. The addition of Deprey as a defendant would not add a new claim, but would simply identify the Corporation's allegedly negligent employee.

We therefore conclude that the trial court abused its discretion when it denied the Kellys' motion for leave to amend their complaint.[2] Should the Corporation renew its motion for a summary judgment the trial court must determine whether the amended pleadings raise genuine issues of material fact that would make the granting of a summary judgment inappropriate. *See Chiapetta v. Clark Assocs.,* 521 A.2d 697, 700 (Me. 1987).

The entry is:

Judgment vacated. Remanded for further proceedings consistent with the opinion herein.

All concurring.

---

**2.** Because the trial court failed to allow the Kellys to amend their pleadings, it necessarily made no determination of whether M.R.Civ.P. 15(c) would permit these pleadings to relate back to

the date of the original pleading. We, therefore, refrain from addressing this issue and leave that determination to the trial court on remand.