STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-12-22 & 23
JAW -CUM- 6/10/2013

PAUL R. SMITH,
    Plaintiff/Counterclaim Defendant
PATRICK AND SUSAN SMITH,
    Plaintiff/Counterclaim Defendant

v.

TOWN OF GORHAM,
    Defendant/Counterclaim Plaintiff
    Third-Party Plaintiff

DECISION AND ORDER

v.

C & C FAMILY LLC,
    Third-Party Defendant



STATE OF MAINE
Cumberland ss Clerk's Office

JUN 12 2013

RECEIVED

On November 1, 2012, Plaintiff's/ Counterclaim Defendants Paul Smith ("Paul)

and Patrick and Susan Smith ("Patrick and Susan") moved to dismiss the Counterclaim

and Third Party Complaint of Defendant/Counterclaim Plaintiff the Town of Gorham (the

"Town").

## BACKGROUND

On April 11, 2012, Plaintiff's Patrick and Susan Smith brought an action against

the Town, challenging the Town's taking of Phinney Street Extension in the Town of

Gorham by eminent domain. Plaintiff Paul Smith filed a similar complaint on April 12,

2012, and the two actions were consolidated by the Court on May 30, 2012. As alleged in

their complaints, Plaintiff's are the owners of all properties situated on the westerly side

of Phinney Street Extension. However, another property owner on Phinney Street

1

Extension, C &C Family LLC (C&C), owns all of the property on the easterly side of the road. C &C was not a named party in either Plaintiff's action.

On August 15, 2012 the parties engaged in mediation as required by M.R. Civ. P. 16B and the Courts standard scheduling order. According to the Town's Response to the Plaintiff's Motion, the Town raised the issue that C&C, as an owner of property on Phinney Street Extension, is an interested party and should be included in the litigation. However, it was decided during mediation that the Town would wait to join C&C as a third-party defendant until Plaintiffs had the opportunity to negotiate a final resolution with C&C and avoid the need for the current litigation. According to the Town, all parties agreed that if negotiations failed with C&C, the Town would amend its answer to add a Counterclaim and bring a Third Party Complaint Against C&C. In an effort to allow time for the negotiations, the deadline for the amending pleadings had to be extended.

Accordingly, on August 16, 2012, the Town filed a Consented-to Motion to Amend the Scheduling Order to enlarge the deadline for joining parties and amending pleadings was enlarged to October 12, 2012. According to the Town, on or about October 12, 2012 the Town Attorney attempted to contact counsel of both Plaintiff's to determine the status of negotiations with the owners of C&C, but was unsuccessful in reaching either one of them. Not wanting to hamper the negotiations the Town "was hesitant to file its Counterclaim and Third-Party Complaint against C&C for fear of thwarting Plaintiffs' attempts to resolve this matter short of trial and to prevent the unnecessary expenditure of time and money in the event negotiations might be successful. (Def. Resp. at 3).

2

On October 17, 2012 counsel for Plaintiff Paul Smith sent an e-mail to the Town Attorney, in which she apologized for failing to respond to his recent calls and advised that the owners of C&C were "not interested" in any negotiations relating to this matter. On October 19, 2012, the Town Attorney responded by e-mail to both attorneys that he would be filing a Counterclaim against their clients and a Third-Party Complaint against C&C. No objection to the filing was made by either party until the filing of the pending motion to dismiss.

On October 22, 2012, the Town filed a Counterclaim and Third-Party Complaint, seeking declaratory relief as follows: (1) a declaration that Phinney Street Extension is a town way through the statutory method of laying out and taking; (2) in the alternative, a declaration that Phinney Street Extension is a town way by prescription; (3) a declaration that Phinney Street Extension has never been formally discontinued nor lost by abandonment; and (4) a declaration that the Town is entitled to enter Phinney Street Extension for any and all purpose, including the performance of maintenance. As noted above, Plaintiffs filed the pending motion to dismiss the Counterclaim and Third-Party Complaint on November 1, 2012.

## DISCUSSION

*I. Defendant's 10- Day Delay in Filing of Its Counterclaim*

Maine Rule of Civil procedure 12(a) and (b) require a party to present nearly all their defenses in a responsive pleading that is to be served with 20 days of service of the complaint. "With the exceptions listed in Rule 12(h), a defense or objection not made at this state may be asserted later only if, under the circumstances, amendment by leave of

3

when Plaintiff Paul Smith's attorney responded by e-mail advising that the negotiations had failed. Not anticipating any objection to their filing, the Town did not see the need to request leave from the court to file the counterclaim late. *See* M.R. Civ. P. 15(a) ("leave shall be freely given when justice so requires"); *Kelly v. Michaud's Ins. Agency*, 651 A.2d 345, 347 (Me. 1994)("[T]his mandate means that if the moving party is not acting in bad faith or for delay, the motion will be granted in the absence of undue prejudice.") Defendant concedes that while undue prejudice may constitute cause for denying leave to amend a pleading, the only prejudice alleged by Plaintiffs is that they were unable to prepare arguments relating to the Town's claims of prescription prior to mediation. However, the Town raised the issue of prescription in its mediation statement filed in advance of the conference. Therefore the Defendant contends that there is nothing amounting to "undue prejudice" that would justify dismissal of the Counterclaim and Third-Party Complaint on technical grounds.

The Court agrees that there is no undue prejudice shown if the amendment is allowed. Further there is good cause to grant leave to file late the counterclaim.

II. *Plaintiffs' Objection to the Town's Third-Party Complaint against C&C Family LLC*

Plaintiff's acknowledge, leave of the Court is not required in order to bring a third-party complaint, and Rule 14 Provides that a third-Party complaint may be brought at any time. *See* M.R. Civ. P 14(a) ("At any time after commencement of the action a defendant as a third-party plaintiff may cause to be served a summons and complaint upon a person not a party to the action who is or may be liable to such third-party plaintiff for part or all of the plaintiffs' claim against the third-party plaintiff.")

5

Plaintiffs direct the Court to two reasons why the Town's Third-Party Complaint should be dismissed. First, Plaintiff's assert that C&C is not liable to the Town for anything. The Town contends that if they are to make out a claim that Phinney Street Extension has become a town way by prescriptive use, the Town would need to include in that action all owners of property on the road (i.e., Plaintiffs and C&C), and, at the time the town filed the Third-Party Complaint, C&C was not a party to the action.

The second ground for dismissing the Third-Party Complaint, asserted by Plaintiffs, is that they have been unduly prejudiced "because [the Third-Party Complaint] exacerbates legal costs by interposing both a new claim and a new party that could not be included at the mediation that was held over two months ago." (Pls.' Mot. ¶6.)

The Town argues that the Plaintiffs fail to show what additional legal costs they would incur as a consequence of adding a necessary party, and even if they were able to show additional costs, "it is unclear how that constitutes undue 'prejudice' to Plaintiffs."

In Plaintiffs' Joint Reply they argue that their Complaint challenges the validity of the Town's purported taking of Phinney Street Extension. Plaintiffs argue that the Court can afford complete relief, *i.e.*, a decision as to whether the Town's alleged taking was properly executed, without joining C&C to this action and without impairing C&C's rights in any manner.

The Court finds no undue prejudice and no good grounds to keep C & C out of this litigation. Rather, there are good grounds to include C & C. Accordingly, the Third-Party Complaint is allowed.

## DECISION

The court dismisses Plaintiffs' Motion to Dismiss Counterclaim and Third-Party

Complaint and Grants leave to file the Counterclaim and Third-Party Complaint.

Date: June 12, 2013

Joyce A. Wheeler, Justice

Sarah McDaniel Esq-Paul R Smith
Theodore Small Esq-Patrick and Susan
 Smith
William Dale Esq-Town of Gorham
Brian Willing Esq-C & C Family LLC

7

STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
Docket No. AP-12-22
Docket No. AP-12-23
JAW - CUM- 10/31/2013

PAUL SMITH
    Plaintiff/Counterclaim Defendant
PATRICK & SUSAN SMITH
    Plaintiff/Counterclaim Defendant
        v.
TOWN OF GORHAM
    Defendant/Counterclaim Plaintiff
        v.
C&C FAMILY, LLC
    Third-Party Defendant

ORDER ON 80B APPEAL

STATE OF MAINE
Cumberland ... Clerk's Office

OCT 3 1 2013

RECEIVED

## INTRODUCTION

Plaintiffs Patrick and Susan Smith and Plaintiff Paul Smith appeal the Defendant Town of Gorham's ("the Town") condemnation of property owned by Mr. and Mrs. Smith as joint tenants, separate property owned by Mr. Smith and plaintiff Paul Smith, and separate property owned by Paul Smith ("Smith parcels"). The Smiths are appealing the Town's action pursuant to Rule 80B, asserting a declaratory judgment action, and appealing the condemnation damages pursuant to 23 M.R.S.A. § 3029. This order is limited to the 80B appeals because the Court has stayed resolution of the independent claims pending resolution of the 80B process.

## BACKGROUND

Phinney Street Extension extends Phinney Street along the front of the Smith parcels. Prior to 2001, the Town believed that Phinney Street Extension was a public way and provided municipal services, such as plowing, on that road. (R. tab 14, page 3.) On November 13, 2001, the Gorham Town Council, having concluded that Phinney Street Extension was not a public way, authorized the cessation of municipal services on

Phinney Street Extension. (R. tab 14, page 3.) On January 8, 2002, the Town Council ordered that a public hearing be held to consider a condemnation order to acquire 730 feet of Phinney Street Extension. (R. tab 10, page 1.) Notice of the hearing was mailed to all abutting property owners, including the Smiths, by certified mail. (R. tab 7).

On March 5, 2002 the Town Council held a meeting at the Gorham High School Auditorium to discuss the proposed condemnation order. (R. tab 4, page 1.) After the meeting, the Town Council determined that public exigency required the Town to take portions of Phinney Street Extension for highway purposes. (R. tab 4, page 1.) The Town Council ordered that a copy of its order be filed with the Town Clerk, that it be served on all of the condemnees, that it be published in a newspaper of general circulation in Gorham for three weeks, and that an attested copy of the condemnation order with the Town Clerk's return be filed in the registry of deeds (R. tab 4, page 2.) Plaintiffs contend that these steps were either never completed or not completed until 2012.

In March 2012, the legal status of Phinney Street Extension arose in another dispute involving C&C Family that is not relevant to this case. That dispute prompted the Gorham Town Manager to complete the necessary steps to perfect the condemnation order from March 2002. On March 13, 2012, the Town's attorney, William Dale, recorded a copy of the condemnation order at the Cumberland County Registry of Deeds. (R. tab 2.) Mr. Dale also mailed a copy of the order and a check for $25.00 for nominal damages to both Mr. and Mrs. Smith and Paul Smith on March 15, 2012. (R. tab 1-2.) Plaintiffs and Paul Smith claim they were never served with a copy of the order and the

2

payments, and the Town has offered no evidence to indicate otherwise.[1] (R. Prop. Stip. B.)

According to letters from Mr. Dale, title to Phinney Street Extension vested in the Town when he recorded the order in the Registry of Deeds on March 13, 2012. According to plaintiffs and Paul Smith, the Town's procedural errors and the ten-year delay in perfecting the condemnation make the Town's action unlawful.

## PROCEDURAL HISTORY

On April 11, 2012, plaintiffs filed their 80B appeal and complaint. On May 30, 2012, the Court stayed the independent claims pending resolution of the Rule 80B appeals. On October 23, 2012, the Town brought a counterclaim against all of the Smiths and a third-party complaint against C&C Family, LLC. The Smiths and C&C Family moved to dismiss the Town's counterclaims and the third-party complaint. On June 12, 2013, the Court denied the motions to dismiss the Town's counterclaims and third-party complaint. On July 3, 2013, the Court stayed discovery on the Town's counterclaim and third-party complaint until October 12, 2013 unless otherwise ordered by the court.

## DISCUSSION

Under 23 M.R.S.A. § 3023, "[a] municipality may take property or interests therein for highway purposes if . . . public exigency requires the immediate taking of such property interests, or if the municipality is unable to purchase it at what the municipal

---

[1] The plaintiffs included proposed stipulations in the record to which the Town never responded. Among these include the following: "There was never any service of the condemnation order by deputy sheriff or publication in a paper of the condemnation order after the order was voted on March 5, 2002 or after the order was recorded on March 13, 2012." (R. Prop. Stip. B.)

3

officers deem reasonable valuation, or if title is defective." The statute outlines the procedures the municipality must follow when exercising its eminent domain power:[2]

> In municipalities where the municipal officers have the legislative power of appropriation, the municipal officers shall file with the municipal clerk a condemnation order that includes a detailed description of the property interests to be taken, which shall specify its location by metes and bounds, the name or names of the owner or owners of record so far as they can be reasonably determined and the amount of damages determined by the municipal officers to be just compensation for the property or interest therein taken. The municipal officers shall then serve upon the owner or owners of record a copy of the condemnation order and a check in the amount of the damages awarded. In the event of multiple ownership, the check may be served on any one of the owners. Title shall pass to the municipality upon service of the order of condemnation and check or upon recordation in accordance with section 3024, whichever occurs first.

23 M.R.S.A. § 3023. The taking is not completed until the municipality complies with the notice requirements set forth in 23 M.R.S.A. § 3024:

> No taking of property or interests therein by a municipality, or the discontinuance of a town way except by abandonment, after September 12, 1959, shall be valid against owners of record or abutting landowners who have not received actual notice, unless there is recorded in the registry of deeds for the county where the land lies either a deed, or a certificate attested by the municipal clerk, describing the property and stating the final action of the municipality with respect to it.

Thus, title passes to the Town when the condemnation order is recorded in the registry of deeds or the order and damages are served on the condemnees.

1. Abuse of the Eminent Domain Process

The parties dispute whether any finding of "public exigency" beyond the uncertainty surrounding the legal status of the road is required. Although the statute is unclear, it is well settled that a town can only exercise the eminent domain power for public purposes and in response to public exigencies. *Brown v. Warchalowski*, 471 A.2d

---

[2] In Gorham, the Town Council has legislative power to make appropriations. (R. Tab 4, page 4, Gorham Charter Sec. 204.17.)

4

1026, 1033 (Me. 1984); Me. Const. art. I, § 21 ("Private property shall not be taken for public uses without just compensation; nor unless the public exigencies require it.").

a. The Initial Determination of Public Exigency

Following the town meeting on March 5, 2002, the Gorham Town Council "determined the [sic] public exigency requires the Town to lay-out Phinney Street Extension, . . . and to take said Phinney Street Extension for highway purposes." (R. tab 4, page 1.) "[A] finding of public exigency is not reviewable by the courts unless there was no rational basis to support a finding that an exigency existed." *Fuller v. Town of Searsport*, 543 A.2d 361, 363 (Me. 1988). Although the Town Council's order does not make an explicit finding of public exigency, it states:

> Whereas, in approximately 1988, the Town, believing it owned the land, fixed the length of the road known as Phinney Street Extension at 730 feet, acquired a public easement for turnaround purposes on June 22, 1988, and provided maintenance, as it would on a public road, and
>
> Where, subsequently the Town Council became aware of a vote taken at a Town Meeting on April 29, 1765, which casts doubt on who owns the land and whether this section of the road, is now, or ever should have been considered a public road.

(R. tab 4, page 1.) From these statements, and because Phinney Street Extension was taken for "highway purposes," it appears that the Town wanted to resolve any uncertainty about whether Phinney Street Extension is a public road. If the Town does not own the land, it will not be able to maintain the road for public use. If it does own road, it will be obligated to provide maintenance on the road. The Town resolved this dilemma by acting to take the road by eminent domain. The Town therefore had a rational basis in 2002 to take Phinney Street Extension and therefore satisfies the public exigency requirement at that time.

5

b.  The Ten-Year Delay

Plaintiffs argue that any public exigency determined by the Town Council in 2002 cannot logically apply to the eventual 2012 taking. Defendant argues that the eminent domain statue does not contain any time limits on perfecting a condemnation order, and therefore, the Town Council's determination of public exigency in 2002 still applies in 2012.

Courts only review a finding of public exigency to determine whether there was "an abuse of the process by which the governmental entity determined that a public exigency exists." *Portland Co. v. City of Portland*, 2009 ME 98, ¶ 26, 979 A.2d 1279. "An abuse of power occurs when the agency uses its power in an extravagant manner, employs it contrary to the law of its use, or uses it improperly and to excess." *Dyer v. Dept. of Transp.*, 2008 ME 106, ¶ 19, 951 A.2d 821. The eminent domain process employed here is governed by 23 M.R.S.A. § 3023. Several problems with the ten-year delay make the Town's action an abuse of power.

1. Immediacy Requirement

The ten-year delay runs counter to the timing requirements of the eminent domain statute. The statute provides that property may be taken if "public exigency requires the *immediate* taking of such property interests." 23 M.R.S.A. § 3023 (emphasis added). The eminent domain statute requires the Town to act quickly because it must have determined that public exigency requires the immediate taking of private property. The Town's failure to perfect the taking for ten years shows there was no public exigency that required the immediate taking of the property.

6

The statute also instructs that after the municipal officers file a condemnation order with the clerk, they "shall then serve upon the owner or owners of record a copy of the condemnation order and a check in the amount of the damages awarded." *Id.* Thus, the statute contemplates two events that occur in immediate succession: the order is filed and the checks are mailed. There is no room in the statute for any discretionary delay; once the order was passed, the clerk was required to serve the property owners with the order and the damages awarded. The petitioners were not served with the check for damages until March 2012. (R. tab 2.)

Furthermore, title passes either when the checks are served to the condemnees or when the town's action is recorded in the registry of deeds, "whichever occurs first." 23 M.R.S.A. § 3023. That title passes on the earlier of the two stated events indicates that the statute was written to allow the town to take title at the earliest possible time. The statute enables the town to take title to property at the earliest possible time because the town must be acting in response to a public exigency.

### 2. *Ultra Vires* Action

Petitioners also claim that the Town Manger's action to perfect the condemnation was *ultra vires*. "[A] governmental action may be challenged at any time, as ultra vires, when the action itself is beyond the jurisdiction or authority of the administrative body to act." *Sold, Inc. v. Town of Gorham*, 2005 ME 24, ¶ 12, 868 A.2d 172, 176. According to the Town of Gorham's charter, the Town Council, not the Town Manager, has the authority to exercise the eminent domain power. (R. tab 18, page 4, Sec. 204.17.) There is no evidence in the record that the Town Council consciously chose to delay perfecting the condemnation order it passed on March 5, 2002. Indeed, the order states:

7

> Now, Therefore, pursuant to 23 M.R.S.A. Sec 3023, it is Ordered that that certain portion of Phinney Street Extension, so-called, described in the attached Appendix A, be and hereby is, laid out as a Town way; that the outstanding real estate interests in the same held by the individuals named on Appendix A and A-1 *be, and hereby are*, taken by eminent domain; and that damages in the total amount of $100 be awarded as shown on Appendix A.

(R. tab 4, page 1 (emphasis added).) The language of the order demonstrates that the Town Council expects that the condemnation order will be perfected immediately. *See also* R. tab 17, page 2, Town Council Rules, Section 11 ("Orders or resolves shall take effect immediately upon passage.") For reasons not clear from the record, the order was never perfected.

Ten years later the Town Manager decided to act on the decade-old order. Allowing the Town Manager to revive a dormant order ten years after it was passed circumvents the normal legislative process committed to the Town Council by the Town Charter. If the Town Manager believed it was in the best interests of the Town to take Phinney Street Extension, he could have put the matter before the Town Council in 2012 for its approval.

### 3. Just Compensation

Because the Town Council determined damages in its condemnation order, a ten-year delay between the Town Council's determination and the date the taking occurred presents a just compensation problem. *See Orono-Veazie Water Dist. v. Penobscot County Water Co.*, 348 A.2d 249, 255 (Me. 1975) ("[T]he legislatively ordained proceedings or the determination of 'just compensation' must be such that, at the end result of the exercise of the power of eminent domain, the owner will be receiving the equivalent monetary worth for the value of the property taken from the time of taking."). The legislature would not allow a town council to determine damages in a condemnation

8

order and then allow the town to perfect the order at any time of its choosing. *See id.* at 256 ("Where a statute provides the valuation of the condemned property to be assessed as of a date prior to the date of taking and then permits a protracted period of time for the prosecution of the proceedings to establish the taking, during which time the value of the property may rise or fall, such a statute would be unconstitutional."). It follows that, because damages are awarded based on the value of the property at the time of the taking, the taking must roughly coincide with the determination of damages. *Id.* If the Town had followed the process outlined in 23 M.R.S.A. § 3023 without delay, the determination of damages would have occurred close in time to the actual taking.

### 2. Procedural Deficiencies

Petitioners also claim that the Town's procedural errors invalidate the Town's taking. They point to false statements in the Certification of Taking issued by the Town Clerk, the clerk's failure to publish the condemnation order and serve the petitioners with a copy, problems with the signatures of the Town Council members, and other discrepancies between the Town Council's action in 2002 and the order perfected in 2012. Because the Court finds that the Town abused the eminent domain process by delaying ten years in perfecting the condemnation order, the Court does not need to rule on these matters.

### CONCLUSION

The Court finds that the Town of Gorham abused the eminent domain process by waiting ten years to perfect the condemnation order taking Phinney Street Extension. Accordingly, the Town's condemnation action is overturned.

The entry is:

9

The Town of Gorham's action condemning Phinney Street Extension is VACATED.

Dated: October 29, 2013

Joyce A. Wheeler
Justice, Superior Court

Paul Smith-Sarah McDaniel Esq
Patrick & Susan Smith-Theodore Small Esq
Town of Gorham-William Dale Esq
C & C Family LLC-Brian Willing Esq

10