STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-18-144

METROPOLITAN PROPERTY
AND CASUALTY INSURANCE
COMPANY,

   Plaintiff

  v.

VINCENT MICALE, JR.,

   Defendant

ORDER ON CROSS
MOTIONS FOR SUMMARY
JUDGMENT AND
DEFENDANT'S MOTION
TO AMEND ANSWER AND
COUNTERCLAIM

REC'D CUMB CLERKS OF
JAN 24 '19 PM 2:04

Before the court are plaintiff/counterclaim defendant Metropolitan Property and Casualty Insurance Company and defendant/counterclaim plaintiff Vincent Micale, Jr.'s cross-motions for summary judgment and defendant/counterclaim plaintiff Micale's motion to amend answer and counterclaim. For the following reasons, Mr. Micale's motion to amend answer and counterclaim is granted, Metropolitan's motion for summary judgment is denied, and Mr. Micale's cross motion for summary judgment is granted.

I.  FACTS

Plaintiff Metropolitan is a foreign insurer authorized to do business in the State of Maine. (Pl.'s Supp'g S.M.F. ¶ 1.) Metropolitan issued a homeowner's policy to defendant, Vincent J. Micale, Jr. (Pl.'s Supp'g S.M.F. ¶ 3.) The policy, numbered 599003786-0, names Vincent J. Micale, Jr. as the insured and has a policy term from August 1, 2016 to August 1, 2017. (Pl.'s Supp'g S.M.F. ¶ 3.) On or about June 18, 2017, Mr. Micale rented two jet skis from Jet Ski Guy Inc., pursuant to a rental agreement . (Pl.'s Supp'g S.M.F. ¶¶ 4-5.) Monica Curtin and Adam Kelly were listed as authorized operators of the jet skis. (Pl.'s Supp'g S.M.F. ¶ 6.) On June 18, 2017,

1

Ms. Curtin and Mr. Kelly operated the jet skis on Little Sebago Lake and collided, destroying both jet skis. (Pl.'s Supp'g S.M.F. ¶¶ 7-10.) Mr. Kelly received serious bodily injury as a result of the collision, including an injury to his left leg, which later required amputation. (Pl.'s Supp'g S.M.F. ¶ 11.)

The policy provides:

> Section II - We will pay all sums for **bodily injury** and **property damage** to others for which the law holds **you** responsible because of an **occurrence** to which this coverage applies.

(Pl.'s Supp'g S.M.F. ¶ 20.) "Property damage" is defined as "physical damage to or destruction of intangible property, including loss of use of this property." (Pl.'s Supp'g S.M.F. ¶ 21.) "Bodily injury" is defined as "physical harm to the body including any resulting sickness or disease." (Pl.'s Supp'g S.M.F. ¶ 22.)

The policy's watercraft exclusion and extension of coverage (coverage extension) applies to the coverage as follows:

> 9. **Watercraft. We** do not cover **bodily injury** or **property damage** arising out of:
> A. the ownership, maintenance, occupancy, operation, use loading or unloading of watercraft of any type owned or operated by **you** or rented or loaned to **you**,
> B. The entrustment by **you** of a watercraft of any type to any person,
> C. the failure to supervise or negligent supervision by **you** of any person involving a watercraft of any type; or
> D. vicarious liability, whether or not imposed by law, for the actions of a child or minor involving a watercraft of any type.

(Pl.'s Supp'g S.M.F. ¶ 23.) Coverage is extended for bodily injury and property damage arising out of:

> a.  Rented Watercraft;
> 2. With an inboard/outboard motor with 50 total horsepower or less. This includes watercraft propelled by a water jet pump engine or motor,

(Pl.'s Supp'g S.M.F. ¶ 24.)

An additional exclusion applies to the coverage as follows:

**Care, Custody, or Control. We** do not cover property damage to property occupied or used by **you**, rented to **you**, in **your** care or which **you** have physical control.

(Pl.'s Supp'g S.M.F. ¶ 25.)

On November 20, 2017, Jet Ski Guy, Inc. filed an amended complaint in the Cumberland County Superior Court against Mr. Micale and sought damages for the loss of the two jet skis. (Pl.'s Supp'g S.M.F. ¶ 12; Amended Complaint, Jet Ski Guy, Inc. v. Vincent Micale, Jr., CUMSC-CV-17-300 (Me. Super. Ct., Cum. Cty.).) On January 8, 2018, Mr. Kelly filed a cross-claim against defendant for bodily injuries caused by the collision. (Pl.'s Supp'g S.M.F. ¶ 16; Jet Ski Guy, Inc. v. Vincent Micale, Jr., CUMSC-CV-17-300 (Me. Super. Ct., Cum. Cty.).)

The amended complaint provides:

5. On or about June 18, 2017, Defendant Micale contracted to rent two jet skis from Plaintiff . . .

8. Defendants totaled both watercraft leaving them inoperable and incapable of being repaired.

9. It resulted in a total loss of both watercraft.

10. As a result of Defendant's action, in addition to the loss of its property, Plaintiff has lost additional substantial business income.

11. On or about January 8, 2018, Adam Kelly asserted a Cross-Claim against Defendant Micale seeking damages for bodily injuries suffered by Kelly on June 18, 2017.

(Pl.'s Supp'g S.M.F. ¶ 14.)

Mr. Kelly's cross-claim provides:

44. Micale was negligent in renting the jet ski for Kelly's use and providing it to Kelly when he knew that Kelly had not received adequate and necessary safety instructions.

45. As a result of Micale's negligence, Kelly suffered severe physical damage, including the amputation of his leg.

3

(Pl.'s Supp'g S.M.F. ¶ 18.)

Metropolitan notified Mr. Micale by letter dated August 18, 2017 that Metropolitan declined to defend and indemnify Mr. Micale in the underlying action brought by Jet Ski Guy, Inc. (Pl.'s Supp'g S.M.F. ¶ 27.) Metropolitan notified Mr. Micale by letter dated March 22, 2018 that Metropolitan declined to defend and indemnify Mr. Micale in the underlying action brought by Mr. Kelly. (Pl.'s Supp'g S.M.F. ¶ 29.)

II.    PROCEDURE

On April 10, 2018, Metropolitan filed this complaint against Mr. Micale. Metropolitan seeks a declaratory judgment that it has no duty under the policy to defend or indemnify Mr. Micale against Jet Ski Guy, Inc.'s complaint and Mr. Kelly's cross-claims. (Compl. ¶ 1.) On September 11, 2018, Mr. Micale filed an amended answer to the complaint and a counterclaim against Metropolitan for breach of contract and declaratory judgment. (Amend. Ans. ¶¶ 6, 8, 12-22.) On July 27, 2018, Metropolitan filed a motion for summary judgment and its statement of material fact.On August 30, 2018, Mr. Micale responded with an opposing statement of material fact, an opposition to Metropolitan's motion, and a cross-motion for summary judgment. September 11, 2018, Mr. Micale also filed a motion to amend answer and counterclaim. On October 1, 2018, Metropolitan filed a reply to Mr. Micale's opposition to Metropolitan's motion and an opposition to Mr. Micale's motion for summary judgment. On October 2, 2018, Metropolitan filed its opposition to Mr. Micale's motion to amend answer and counterclaim. On October 19, 2018, Mr. Micale filed a reply to Metropolitan's opposition to his motion for summary judgment. On October 17, 2018, Mr. Micale filed a reply to Metropolitan's opposition to the motion to amend answer and counterclaim.

## III. DISCUSSION

### A. MOTION TO AMEND ANSWER AND COUNTERCLAIM

#### 1. Standard of Review

A party may amend its pleadings by leave of court and such leave "shall be freely given when justice so requires." M.R. Civ. P. 15(a). Therefore, "if the moving party is not acting in bad faith or for delay, the motion will be granted in the absence of undue prejudice." Kelly v. Michaud's Ins. Agency, 651 A.2d 345, 347 (Me. 1994). "When faced with both a motion for a summary judgment and a Rule 15(a) motion to amend pleadings, considerations of finality and judicial economy suggest that a court should dispose of the pending Rule 15(a) motion prior to entertaining a summary judgment." Id. at 346.

Mr. Micale's proposed amended answer and counterclaim contains a request for relief pursuant to 24-A M.R.S. § 2436-B (2001). (Amend. Ans. ¶ 22.) Metropolitan objects to the motion to amend the answer and counterclaim. (Opp'n to Def.'s Mot. to Amend 2 ¶ 5.) Metropolitan argues that the motion to amend is untimely because it was not filed prior to the motion for summary judgment and therefore may result in prejudice; Metropolitan does not allege bad faith. (Opp'n to Def.'s Mot. to Amend ¶¶ 5-6.)

Mr. Micale's motion to amend the answer and counterclaim was filed on September 11, 2018, fewer than two weeks after he filed the cross motion for summary judgment on August 30, 2018. Metropolitan responded to Mr. Micale's cross motion for summary judgment on October 1, 2018 and responded to Mr. Micale's motion to amend the counterclaim on October 2, 2018. These facts do not support a finding of undue delay. See Kelly v. Michaud's Ins. Agency, Inc., 651 A.2d at 347 (granting a motion to amend pleadings six weeks after defendant had filed its

5

response to the complaint). Because the amended counterclaim concerns the same dispute over Metropolitan's alleged breach of contract and contains a request for additional relief based on the requirement in section 2436-B(2) that an insurer pay court costs and reasonable attorney's fees if the insured prevails in the action, the court's interests in the finality of litigation and judicial economy weigh strongly in favor of allowing the amendment of Mr. Micale's answer and counterclaim. See Kelly, 651 A.2d at 346; 24-A M.R.S. § 2436-B(2). Accordingly, the motion to amend answer and counterclaim is granted.

## B. CROSS MOTIONS FOR SUMMARY JUDGMENT

### 1. Standard of Review

Summary judgment is proper where "there is no genuine issue as to any material fact" and the moving party "is entitled to judgment as a matter of law." M.R. Civ. P. 56(c). On a motion for summary judgment, the court takes all facts and inferences in favor of the non-moving party. LePage v. Bath Iron Works Corp., 2006 ME 130, ¶ 9, 909 A.2d 629. "A fact is material if it has the potential to affect the outcome of the case." Id. A genuine issue exists "when there is sufficient evidence for a fact-finder to choose between competing versions of the fact." Lougee Conservancy v. CityMortgage, Inc., 2012 ME 103, ¶ 11, 48 A.3d 774. "To withstand a motion for summary judgment, the plaintiff must establish a prima facie case for each element of her cause of action. If a plaintiff does not present sufficient evidence on the essential elements . . . the defendant is entitled to a summary judgment." Watt v. UniFirst Corp., 2009 ME 47, ¶ 21, 969 A.2d 897 (quotation omitted).

"Cross motions for summary judgment neither alter the basic Rule 56 standard, nor warrant the grant of summary judgment *per se*." Remmes v. Mark Travel Corp., 2015 ME 63, ¶ 19, 116 A.3d 466 (internal citation and quotations omitted). The court reviews each motion for summary

6

judgment separately in the light most favorable to the non-moving party. F.R. Carroll, Inc. v. TD Bank, N.A., 2010 ME 115, ¶ 8, 8 A.3d 646.

In this case, the underlying facts are undisputed. (See Def. Opp'n to S.M.F. 1-3.) In their cross-motions for summary judgment, the parties ask the court to determine the correct interpretation of the settled facts as a matter of law. Mitchell v. Allstate Ins. Co., 2011 ME 133, ¶ 8, 36 A.3d 876. Summary judgment is an appropriate device to determine whether an insurer has a duty to defend an insured as a question of law. Harlor v. Amica Mut. Ins. Co., 2016 ME 161, ¶ 7, 150 A.3d 793.

### 2. Declaratory Judgment

In their cross-motions for summary judgment, the parties dispute whether plaintiff has a duty to provide defendant with a defense in Jet Ski Guy, Inc. v. Vincent Micale, Jr.. First, the parties dispute whether the policy's exclusions and extensions of coverage apply to the Jet Ski Guy, Inc. amended complaint and Mr. Kelly's cross claims. Second, the parties dispute whether exclusions and extensions that potentially apply to some claims require Metropolitan to provide a defense for all claims alleged against Mr. Micale in the Jet Ski Guy, Inc. case.

The "comparison test" is used to determine whether an insurer must defend an insured in an underlying lawsuit. Barnie's Bar & Grill, Inc. v. United States Liab. Ins. Co., 2016 ME 181, ¶ 6, 152 A.3d 613. The "comparison test" compares the allegations in the underlying complaint with the terms of the applicable insurance policy to determine whether there is "any legal or factual basis that could potentially be developed at trial and result in an award of damages covered by the terms of the policy." City of S. Portland v. Me. Mun. Ass'n Prop. & Cas. Pool, 2017 ME 57, ¶ 7, 158 A.3d 11. The court has "consistently applied a broad construction of the underlying complaint

7

in favor of the insured and a strict construction of policy exclusions and ambiguities against the insurer." Barnie's, 2016 ME 181, ¶ 6.

An insurer's duty to defend is broader than the duty to indemnify. Mitchell, 2011 ME 133, ¶ 10, 36 A.3d 876 (citation omitted). "Even when evidence could conclusively establish the absence of a duty to indemnify, ordinarily that evidence is irrelevant to the determination of the duty to defend." Northern Sec. Ins. Co. v. Dolley, 669 A.2d 1320, 1323 (Me. 1996).

The policy includes coverage for bodily injury, as alleged in Mr. Kelly's cross-claim, and property damage, as alleged in the Jet Ski Guy, Inc. amended complaint. Broadly constructing the underlying complaint in favor of the insured, the bodily injury claims and property damage claims potentially fall within the policy coverage extended to bodily injury and property damage arising out of watercraft "powered by one or more motors with 50 total horsepower or less." (Pl.'s Supp'g S.M.F. ¶ 24.)

Metropolitan argues that because jet skis' horsepower was not included in the Jet Ski Guy, Inc. amended complaint or Mr. Kelly's cross-claim, the horsepower should not be considered in the "comparison test." (Pl.'s Mot. Summ. J. 11.) The comparison test asks, however, whether "any factual or legal basis could potentially be developed at trial and result in an award of damages covered by the terms of the policy." City of S. Portland, 2017 ME 57, ¶ 7, 158 A.3d 11 (emphasis added); Harlor, 2016 ME 161, ¶ 8, 150 A.3d 793. "An insured is not at the mercy of the notice pleading of the third party suing him to establish his own insurer's duty to defend." Gibson v. Farm Family Mut. Ins. Co., 673 A.2d 1350, 1352 (Me. 1996). Further, Maine's notice pleading requirements are forgiving; the plaintiff need only give "fair notice of the cause of action by providing a short and plain statement of the claim showing that the pleader is entitled to relief."

Desjardins v. Reynolds, 2017 ME 99, ¶ 17, 162 A.3d 228 (citation omitted) (quotation marks omitted); see M.R. Civ. P. 8(a)(1).

Metropolitan also argues that the personal liability care, custody, or control exclusion, which applies to property damage as alleged in the Jet Ski Guy, Inc. amended complaint, supersedes the coverage extension for watercraft with one or more motors with 50 total horsepower or less, which would potentially provide coverage for property damage. (Pl.'s Mot. Summ. J. 10.) Whether property damage from rented watercraft with one or more motors with 50 horsepower or less is covered by the policy is ambiguous. Under the "comparison test," any ambiguities and policy exclusions are strictly construed against the insurer and a broad construction of the complaint is applied in favor of the insured. Barnie's, 2016 ME 181, ¶ 6, 152 A.3d 613. This ambiguity regarding whether property damage resulting from property rented to the insured if the property is watercraft with a motor with 50 total horsepower or less is construed against the insurer.

"[I]n some circumstances the duty of an insurance company to defend one count in a lawsuit imposes a duty to defend all counts." Gibson, 673 A. 2d at 1354 (Me. 1996). In Gibson, the court found that because all claims against the insured arose from common issues of fact, the insurer had a duty to defend. Id. Here, the allegations in the amended complaint and Mr. Kelly's crossclaim in Jet Ski Guy, Inc. arise out of the same occurrence. Metropolitan has a duty to defend any claims that are potentially not within the policy coverage.

### 3. Attorney's Fees

Section 2436-B(2) provides:

> In [a declaratory judgment action] to determine an insurer's contractual duty to defend an insured under an insurance policy, if the insured prevails in such action, the insurer shall pay court costs and reasonable attorney's fees.

24-A M.R.S. § 2436-B(2) (2001). Mr. Micale is entitled to costs and reasonable attorney's fees, which will be supported by affidavit.

The entry is

> Defendant/Counterclaim Plaintiff Vincent Micale, Jr.'s Motion to Amend Answer and Counterclaim is GRANTED.
>
> Defendant/Counterclaim Plaintiff Vincent Micale, Jr.'s Motion for Summary Judgment is GRANTED as follows: Plaintiff/Counterclaim Defendant Metropolitan Property and Casualty Insurance Company owes a duty to defend Defendant/Counterclaim Plaintiff Vincent Micale, Jr. in Jet Ski Guy, Inc. v. Vincent Micale, Jr., CUMSC-CV-17-300 (Me. Super. Ct., Cum. Cty.) and Defendant/Counterclaim Plaintiff Vincent Micale, Jr. is entitled to court costs and reasonable attorney's fees incurred in this action. Metropolitan Property and Casualty Ins. Co. v. Vincent Micale, Jr., CUMSC-CV-18-144 (Me. Super. Ct., Cum. Cty.).
>
> Plaintiff/Counterclaim Defendant Metropolitan Property and Casualty Insurance Company's Motion for Summary Judgment is DENIED.

Date: January 24, 2018

Nancy Mills
Justice, Superior Court

Entered on the Docket: 1-29-19

10