STATE OF MAINE                          SUPERIOR COURT
YORK, ss.                               CIVIL ACTION
                                        DOCKET NO. RE-2018-0055

CLAYTON B. REYNOLDS          )
                            )
          Plaintiff,        )                  ORDER ON
                            )        DEFENDANT'S MOTION TO DISMISS
     v.                     )                     &
                            )        PLAINTIFF'S MOTION FOR LEAVE
BANK OF AMERICA, N.A.        )           TO AMEND COMPLAINT
                            )
          Defendant.        )


Plaintiff Clayton B. Reynolds brought this quiet title and declaratory judgment action,

under 14 M.R.S. §§ 6651-6661 and 14 M.R.S. §§ 5951-5963, against Defendant Bank of

America, N.A. ("BANA"). Pending before the Court are BANA's Motion to Dismiss

Reynolds's Second Amended Complaint pursuant to M.R. Civ. P. 12(b)(6) and Reynolds's

Motion for Leave to Amend his Complaint pursuant to M.R. Civ. P. 15(a).

I.    **Background**

Mr. Reynolds resides at a parcel of real estate located at 6 Winter Street Extension in

Saco, Maine ("the Property"), which he has owned since September 3, 2008. (Pl.'s 2d Am.

Compl. ¶¶ 1, 3.) Reynolds granted BANA an interest in the Property ("the Mortgage") by virtue

of a mortgage deed dated November 14, 2009 as security for a note in the amount of $195,260

("the Note"). (*Id.* ¶ 10.)

On August 27, 2015, BANA brought a complaint against Reynolds with respect to the

Mortgage, seeking a judgment of foreclosure on the Property and to recover the entire balance

due on the Note secured by the Mortgage (Docket No. ALFSC-RE-15-0088). (*Id.* ¶ 11; Ex. 2.)

On December 28, 2016, the Court entered a Judgment denying BANA's complaint for

1

foreclosure on the basis that BANA had not sustained its burden of proof. (Pl.'s 2d Am. Compl. ¶ 12; Ex. 3.) The Judgement is now final. (Pl.'s 2d Am. Compl. ¶ 12.)

Plaintiff, in his Second Amended Complaint, seeks to quiet title to the Property and the entry of a judgment declaring the Mortgage and the Note which it secures are unenforceable, and that Reynolds holds title to the Property free and clear of BANA's interest.

BANA timely moved to dismiss the Second Amended Complaint on the bases that Plaintiff has not alleged sufficient facts which, if proven, would entitle him to prevail on his claim to quiet title, and that Reynolds is not entitled to the declaratory relief he seeks.

Plaintiff has moved to amend his Complaint pursuant to M.R. Civ. P. 15(a) to omit any request for relief under the quiet title statutes and to proceed solely on his claim for declaratory judgment. (*See* Pl.'s Mem. Opposing Def.'s Mot. to Dismiss, at 2.)

## II. Discussion
### A. Reynolds's Motion to Amend Complaint

A party may amend their pleadings "by leave of court . . . and leave shall be freely given when justice so requires." M.R. Civ. P. 15(a). "Whether to allow a pleading amendment rests with the court's sound discretion. . . . if the moving party is not acting in bad faith or for delay, the motion will be granted in the absence of undue prejudice." *Kelly v. Michaud's Ins. Agency*, 651 A.2d 345, 347 (Me. 1994) (internal citations and quotation marks omitted).

BANA has not shown or alleged that Reynolds seeks to amend his complaint in bad faith or for a dilatory motive, or that BANA would be unduly prejudiced if the Court permits Reynolds to amend his Complaint. Accordingly, Reynolds's motion to amend his Complaint to pursue relief only under the Declaratory Judgments Act is granted.

2

## B. BANA's Motion to Dismiss

BANA's Motion to Dismiss is premised on Maine law that predates the Law Court's holding in *Pushard v. Bank of America, N.A.*, 2017 ME 230, 175 A.3d 103, which is dispositive on the question of whether Reynolds's Complaint states a claim for relief under the Declaratory Judgments Act.

In *Pushard*, the Law Court held that plaintiffs were entitled to the entry of a "judgment declaring that the note and mortgage are unenforceable and that the [plaintiff]s hold title to their property free and clear of the [defendant]'s mortgage encumbrance" when the summary judgment record established the defendant/mortgagee had a final judgment entered against it in its prior action against mortgagors seeking foreclosure and for judgment on the entire amount due on the note. 2017 ME 230, ¶¶ 6-7, 36, 175 A.3d 103.

BANA has failed to meaningfully distinguish Mr. Reynolds's claim for declaratory relief from the *Pushard* plaintiffs' claim for declaratory relief. Accordingly, the entry shall be:

*quiet title.*

"Plaintiff's motion for leave to amend his complaint to omit references to the ~~quite~~ title statutes are GRANTED."

"Defendant's Motion to Dismiss the Plaintiff's Second Amended Complaint, as amended, is DENIED."

The Clerk is requested to enter this Order on the docket for this case by incorporating it by reference. M.R. Civ. P. 79(a).

SO ORDERED.

Dated: 2/7/19

_____
John O'Neil, Jr.
Justice, Maine Superior Court

Entered on the Docket on: 2/7/19

Copies sent to the following parties/counsel on: 2/7/19

attorney Cox    attorney Segal
          attorney Blubelcoff

3